**Charles SEIBERT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53475.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 22, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 25, 1988.

Application to Transfer Denied
July 26, 1988.

Michael D. Burton, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, L. Timothy Wilson, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. By that motion movant sought to have his guilty pleas for robbery first degree, assault first degree and stealing a motor vehicle set aside. We affirm.

After a guilty plea, the issue of ineffective assistance of counsel can only be raised in the context of the voluntary and knowing nature of the plea. *Green v. State,* 708 S.W.2d 295, 297 [3] (Mo.App. 1986); *Wade v. State,* 698 S.W.2d 621, 622 [2] (Mo.App.1985). Movant asserts his plea was involuntary because in refusing to interview two eyewitnesses his attorney failed to investigate movant's claim he was acting in self-defense.

■ The transcript of movant's plea hearing clearly indicates his plea was knowing and voluntary. His 27.26 counsel would have us believe movant "felt intimidated by his attorney's presence, afraid to inform the judge of his complaints." Yet the transcript reveals that movant raised the issue of an intoxication defense at his plea hearing, but said he decided not to pursue it because he did not want to take a chance with a jury. The transcript also reveals movant challenged the charges, claiming he had only been served with one of the three warrants. When the court asked movant if he wished to withdraw his plea, movant said "No, just forget about it." The transcript shows movant to be a man comfortable in a judicial setting. Movant did not raise a self-defense claim because it would not have been successful. The prosecutor indicated the State's evidence would have been that movant shackled victim to a bed and then beat him, and that movant confessed to the crime. Movant's first point is denied.

■ Movant challenges the Rule 27.26 court's findings of fact and conclusions of law as insufficient. The court found the plea was voluntary. Having done so it was unnecessary for the court to address mov-

ant's allegation that his attorney failed to contact the witnesses. Even if the findings should have addressed movant's individual claims, a remand would be of no benefit because the record clearly supports the Rule 27.26 court's finding that the plea was voluntary. *See Francks v. State,* 721 S.W. 2d 182, 183 [2] (Mo.App.1986).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.