**Colbert FAIRLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55513.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 1989.

Rehearing Denied May 23, 1989.

Margaret E. Gangle, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant seeks to vacate his conviction for second degree murder and sentence of life imprisonment. Movant was convicted pursuant to an *Alford* plea of guilty following plea negotiations.

We first note that movant's statement of facts in his brief is not in accord with Rule

84.04(c). Movant sets forth the procedural events that occurred, but he states no facts relevant to the questions he presents for determination by this court.

For movant to be entitled to an evidentiary hearing, he must have alleged facts, not conclusions, which if true would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519[1] (Mo.App. 1987).

■ Movant's first point relied on asserts:

The trial court erred when it sustained the motion to dismiss, filed by the State of Missouri, and denied Colbert L. Fairley an evidentiary hearing on his amended motion for postconviction relief.

Movant's point preserves nothing for review because, as required by Rule 84.04(d), movant has not stated wherein and why the trial court erred in denying movant an evidentiary hearing. Within the argument portion under this point, movant asserts the trial court erred in sustaining the State's motion to dismiss because it was filed late.

Movant filed his pro se Rule 24.035 motion on June 13, 1988. On June 14, the trial judge set the motion for hearing on August 19, 1988. Movant was appointed counsel on June 24, 1988. On July 27, 1988, movant's appointed counsel filed an amended motion and the State filed its motion to dismiss on August 16, 1988. On August 19, the court ruled to dismiss movant's motion without an evidentiary hearing. In his findings of fact and conclusions of law, the trial judge stated movant had failed to allege facts which would entitle him to relief, and his claims were refuted by the record. In addition, the trial judge found that the plea transcript showed movant was satisfied with counsel, and that movant's plea was voluntarily and intelligently made.

Rule 24.035(f) requires that "any amended motion ... shall be filed within thirty days of the date counsel is appointed...." Further, Rule 24.035(g) provides:

A request for a hearing shall be made by motion on or before the date an amended motion is required to be filed.... If no request for hearing is timely filed *or if* the motion and the files and record of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held....

Movant's amended motion was filed out of time, and we can not find any record of a motion by movant requesting an evidentiary hearing. While the State's response to movant's amended motion was clearly filed out of time, *see* Rule 24.035(f), movant has not demonstrated, nor can we find how movant was prejudiced by the State's late filing. The court was not required to consider movant's untimely filed amended motion, *see* Rule 24.035(f); however, it appears from the court's findings of fact and conclusions of law that it did consider the amended motion and ruled on its merits. The court was empowered to deny movant an evidentiary hearing without the State's motion if, after its review, the motion and the files and record of the case conclusively showed movant was entitled to no relief. Rule 24.035(g). As we will discuss under movant's other points, he alleged no facts, not refuted by the record, entitling him to relief. Movant's first point is denied.

■ Movant next asserts an evidentiary hearing was necessary to determine the voluntary nature of movant's guilty plea because it was an *Alford* plea. He also alleges he was coerced into pleading guilty by his counsel's insistence that the State had an "air tight" case.

When an accused pleads guilty to an offense, any later challenge to the validity of his plea focuses only on whether his guilty plea was knowingly and voluntarily made. *Sinn v. State*, 741 S.W.2d 749, 750[2] (Mo.App.1987). As with any guilty plea, an *Alford* plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164[1], 27 L.Ed.2d 162 (1970). Movant has cited no case which requires an evidentiary hearing solely because movant pled guilty pursuant to *Alford*. Instead, movant has the burden to allege facts which would

show his plea was not voluntarily or knowingly made.

Movant's assertion he was coerced into pleading guilty must also fail. Movant's allegation that his attorney's insistence the State's case was "air tight" is conclusory and shows no basis for relief. Movant has not pled any facts to show that his attorney's advice was misleading or erroneous. *Gawne v. State,* 729 S.W.2d 497, 499[2] (Mo.App.1987). Indeed, the plea hearing record refutes any allegation that movant was coerced or misled. Movant testified he had discussed the case with his counsel. Movant was satisfied his attorney was fully informed of the facts of the case. Movant stated he was fully advised by counsel as to all aspects of the case. Movant desired to enter the Alford plea because he believed the State's evidence against him was "overwhelming." Movant believed a jury would find him guilty of the first degree murder count he was originally charged with, and he would be at risk of being sentenced to death. Movant stated he had not been threatened to plead guilty. The trial court properly denied movant an evidentiary hearing on his allegation his plea was coerced because the record conclusively establishes his plea was knowingly and voluntarily entered. *Hurd v. State,* 735 S.W.2d 438, 439[3] (Mo.App.1987).

In movant's point III, he asserts:

The court erred in denying an evidentiary hearing, since an evidentiary hearing was necessary in order to determine the effectiveness of appellant's trial counsel.

Further, in point IV, he further asserts:

The court erred in denying an evidentiary hearing since facts were pleaded which were not refuted by the record.

Both of movant's points relied on are deficient because neither states wherein and why the court erred. Rule 84.04(d). Within the argument portion of his brief, movant alleges his counsel was ineffective because he coerced movant into pleading guilty; counsel did not endorse witnesses who would testify on behalf of movant; counsel did not object to the State's theory of the case; and that counsel did not object to movant's plea, even though movant maintained he was innocent.

All of movant's allegations of ineffectiveness are conclusory, and appellant has failed to allege facts in either his motion or his brief to support his allegations. As we stated above, the record refutes movant's claim of a coerced plea. Movant's allegation that his counsel failed to endorse witnesses is meritless because it is unsupported by any evidence of what witnesses counsel should have endorsed, and what these witnesses would have testified to. *Holt v. State,* 735 S.W.2d 191, 194[6] (Mo. App.1987). Further, it is refuted by the record in that movant testified at the plea hearing that he was satisfied with his attorney's preparation of the case. Likewise, movant's allegation his attorney was ineffective for not objecting to the State's version of the case is conclusory and unsupported by any evidence of what was objectionable. Nor has movant alleged what counsel should have objected to on his own client's plea of guilty. Movant had the right to choose to plead guilty, *State v. Johnson,* 714 S.W.2d 752, 766[24] (Mo.App. 1986), and it was not required that movant admit to the crime charged. *Reeder v. State,* 712 S.W.2d 431, 433[8] (Mo.App. 1986). None of movant's allegations support an evidentiary hearing, and his points are denied.

■ Finally, movant asserts the trial court erred in denying movant an evidentiary hearing because he bore the burden of proving his allegations by a preponderance of the evidence, and he could not sustain this burden absent an evidentiary hearing.

Movant's point is meritless. Movant ignores that before he is entitled to an evidentiary hearing, he must meet his burden of pleading facts, not conclusions, not refuted by the record, which entitle him to relief. *Thomas* at 519. Because movant has not met this initial burden, he is not entitled to an evidentiary hearing.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.