**Sylvia BROWN, Appellant,**

v.

**ST. LOUIS COUNTY, Respondent.**

No. 56582.

Missouri Court of Appeals, Eastern District, Division Four.

June 12, 1990.

Charles E. Foehner, III, Foehner & Vuylsteke, St. Louis, for appellant.

Thomas W. Wehrle, County Counselor, Don R. Williams, Associate County Counselor, Clayton, for respondent.

HAMILTON, Presiding Judge.

Appellant, Sylvia Brown (hereinafter Brown), appeals the dismissal of Count II of her First Amended Petition (hereinafter Petition) for personal injury arising out of a two-car automobile accident occurring on June 30, 1986, at the intersection of Jennings Station Road and Theodore Place in St. Louis County.

Count I of Brown's Petition alleged that on June 30, 1986, Appellant was driving her car in an easterly direction on Theodore at its intersection with Jennings. David Huddleston was driving his car in a southerly direction on Jennings Road and negligently allowed his car to collide with Brown's car, causing Brown severe and permanent personal injuries.

Count II of the Petition is against St. Louis County. Brown alleged that Jennings Station Road is a St. Louis County road, maintained by the County. She averred that, at the time of the accident, both her view and Huddleston's view were blocked by a truck that was parked on Jennings within 20 feet of the northwest corner of the intersection of Jennings and Theodore. She further stated that a substantial earth bank is situated at the corner of that intersection. Brown alleged that for St. Louis County to allow parking within 75 feet of the intersection on its northwest corner was "below" proper engineering and safety standards because such parking blocks the vision of drivers entering Jennings from the west on Theodore. Brown further alleged that the absence of a "No Parking" sign at that location is "below" proper engineering and road design standards.

St. Louis County filed a motion to dismiss Count II on October 16, 1988, which the trial court sustained. Brown subsequently filed a motion for rehearing of St. Louis County's motion to dismiss. The trial court overruled that motion on January 19, 1989.

Brown thereafter dismissed with prejudice Count I as against Huddleston on March 22, 1989. She then appealed the dismissal of Count II.

■ Her sole point on appeal merely asserts "[w]hether the circuit court erred in granting defendant's motion to dismiss Count II of plaintiff's petition." Supreme Court Rule 84.04(d), however, requires that "[t]he points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." A point relied on that fails to follow these rules preserves nothing for review. *Fairley v. State*, 770 S.W.2d 458, 459 (Mo.App.1989).

■ Moreover, Brown's brief also fails to state wherein and why or even to assert that the trial court erred. Therefore, it fails to comply with Rule 84.04(d). In the argument section of her brief, however, Brown states that she is attempting to hold St. Louis County liable under Section 537.-600.1(2) V.A.M.S.Supp.1990. This section provides an exception to governmental tort immunity when an omission by the public entity creates a dangerous condition upon the public entity's property. Because Brown has explained her contention in the argument section of her brief, we have the discretion to review it. *See Fairley*, 770 S.W.2d at 459.

Brown asserts that St. Louis County has waived its governmental tort immunity by failing to post "No Parking" signs within 75 feet of the intersection of Jennings and Theodore, thereby allowing motor vehicles to be legally parked in such a way as to create a dangerous condition. St. Louis County contends that Brown has stated no claim upon which relief can be granted.

Section 537.600.1(2) provides that the immunity of a public entity from liability for negligent acts and omissions is waived in the instances of

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. In any action under this subdivision wherein a plaintiff alleges that

he was damaged by the negligent, defective or dangerous design of a highway or road, which was designed and constructed prior to September 12, 1977, the public entity shall be entitled to a defense which shall be a complete bar to recovery whenever the public entity can prove by a preponderance of the evidence that the alleged negligent, defective, or dangerous design reasonably complied with highway and road design standards generally accepted at the time the road or highway was designed and constructed.

■ In reviewing the circuit court's dismissal of Brown's amended petition, we must determine if the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. *Kanagawa v. State by and through Freeman*, 685 S.W.2d 831, 834 (Mo. banc 1985). We treat the facts averred as true and construe all averments liberally and favorably to Brown. *Id.*

■ The dangerous condition exception to sovereign immunity contained in § 537.600.1(2) sets forth four prerequisites that condition the waiver of immunity. *Id.* at 834–835. A plaintiff who seeks to state a claim under the exception must allege facts that show: (1) a dangerous condition of the property; (2) that the plaintiff's injuries directly resulted from the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind that plaintiff incurred; and (4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition. *Id.* at 835.

■ In her Petition, Brown alleges only that failure to have a "No Parking" sign at that intersection is "below" proper engineering and safety standards. She fails to allege that her injuries directly resulted from the lack of a "No Parking" sign, that the harm she received was foreseeable, and that a public employee negligently created the condition or that St. Louis County had knowledge of the dangerous condition created by the absence of a "No Parking" sign.

Because Brown's Petition fails to state a claim upon which relief can be granted, the trial court committed no error in dismissing her Petition.

Judgment affirmed.

STEPHAN, J., concurs.

CARL R. GAERTNER, J., dissents in separate opinion.

CARL R. GAERTNER, Judge, dissenting.

Although I fully agree with the conclusions of the majority opinion regarding the merits of this appeal, I nevertheless dissent. I believe the appeal should be dismissed because of the flagrant violation of Rule 84.04(d).

Appellant's point relied on, "whether the circuit court erred in granting defendant's Motion To Dismiss Count II Of Plaintiff's Petition", supplies not even a hint of the issue of law presented on this appeal. I am concerned that our frequent leniency in the enforcement of Rule 84.04(d) may be misconstrued as tacit approval of slip-shod practice. The more we excuse rule violations, the more meaningless the rule becomes. The total disregard of the requirements of the rule demonstrated by appellant's brief creates at least an inference that some members of the bar are beginning to take a most perfunctory view of the rules of appellate practice.

Long ago one of our greatest jurists said:

"The rules of appellate practice ... are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause.... If they are not to be obeyed they should be done away with once for all...." *Sullivan v. Holbrook*, 211 Mo. 99, 109 S.W. 668, 670 (Mo.1908).