**JONES HOLDING COMPANY, INC., A Missouri Corporation, General Partner and on behalf of Four Missouri Limited Partnerships: Clovis I, New Mexico Ethanol Producers, Iberia I, Iberia IV, Plaintiffs–Appellants,**

v.

**Ronald WALKER, Thomas Tierney, Carl Wright, Lewis P. Herman, Harold Card, John Redd and Thomas Jackson, Defendants–Respondents.**

**No. WD 42403.**

Missouri Court of Appeals, Western District.

July 3, 1990.

**62**

David C. McConnell, Kansas City, for plaintiffs-appellants.

Ronald R. Walker, Joplin, pro se.

Richard K. Andrews, Neil L. Johnson, and Gregory J. Scott, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, for Harold Card.

Daniel Bukovac and John Power, Watson, Ess, Marshall & Enggas, Kansas City, for Lewis P. Herman.

Robert S. Clark and Gregory D. Phillips, Kimball, Parr, Crockett & Waddoups, Salt Lake City, Utah, for John P. Redd.

Raymond L. Dahlberg and Kristin L. Altice, Niewald, Waldeck, Norris & Brown, Kansas City, for Thomas W. Tierney.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

TURNAGE, Presiding Judge.

This is an appeal from the dismissal of a petition because the suit was improperly brought on behalf of individual limited partners. Jones Holding Company, Inc., the plaintiff, appeals and contends the suit was actually brought in its name and not in the name of the limited partners. Reversed and remanded.

The petition in question is the third amended petition. The caption of the petition listed Jones Holding Company, Inc., a Missouri Corporation, General Partner and on behalf of Four Missouri Limited Partnerships: Clovis I, New Mexico Ethanol Producers, Iberia I and Iberia IV as the plaintiff. The petition began as follows:

COMES now plaintiff Jones Holding Company, Inc., and for its cause of action states:

1. This action is brought on behalf of the general partner and on behalf of all limited partners of Four Missouri Limited Partnerships designated, CLOVIS I, NEW MEXICO ETHANOL PRODUCERS (ROSWELL III), IBERIA I, and, IBERIA IV, by the only General Partner of said Missouri Limited Partnerships, namely, JONES HOLDING COMPANY, INC.,....

The petition then listed all of the limited partners with their name, address, and dollar amount of investment in each limited partnership. The limited partners were not mentioned in the petition thereafter.

The petition was in two counts. Count I stated that each of the defendants had breached their fiduciary duties to plaintiff in particular respects. Count II sounded in negligence and alleged damages to plaintiff. The prayer in each count was for damages suffered by plaintiff.

The defendants filed a motion to dismiss on the ground that the suit had been brought by the limited partners and not by the general partner. The court dismissed the third amended petition because the action was improperly brought on behalf of the individual limited partners rather than by the general partner on behalf of the partnership entities.

The parties agree that under the limited partnership agreement, by which each of the Four Missouri Limited Partnerships was created, Jones Holding Company was the only general partner. The parties further agree that under the partnership agreements, Jones as the general partner, was given the right, power, and authority on behalf of the partnership to institute, prosecute, and defend any legal proceeding relating to the business or property of the partnership.

Walker and the other defendants contend the suit could only be brought by the general partner on behalf of the partnership entities. They argue that the petition was brought by Jones as a general partner and the limited partners in their individual capacities and not on behalf of the partnership entities.

Rule 55.02 requires that the caption of the petition include the names of all parties. The petition in this case complies with that rule because the plaintiff is designated as Jones Holding Company, Inc., general partner, on behalf of Four Missouri Limited Partnerships which are named. The focus of the argument seems to be on the listing in the body of the petition of all of the limited partners. In *Associated Grocers' Co. of St. Louis, Mo. v. Crowe*, 389 S.W.2d 395, 400[16] (Mo.App.1965), this

court stated in a case involving the question of the identity of a party that the averments of the petition will be accorded a fair and reasonable intendment and a fair implication should be indulged from the facts stated. The petition opened by stating that the action was brought on behalf of the general partner and on behalf of all limited partners of Four Missouri Limited Partnerships which were thereafter named. It is apparent that the pleader was attempting to state that the action was brought on behalf of the general partner and the limited partnership entities. An action brought by the general partner of a limited partnership on behalf of all of the limited partners is tantamount to alleging that the action was brought on behalf of the limited partnership. The words "individual limited partners" in the opening paragraph set out above may be stricken as surplusage under the rule that "allegations which are unnecessary to the cause of action are to be treated as surplusage." *Kraus v. Kraus,* 693 S.W.2d 869, 873[6–8] (Mo.App.1985). Here, it was unnecessary to state that the cause of action was brought on behalf of the limited partners and it was sufficient to state that it was brought on behalf of the limited partnerships. Likewise, the listing of the limited partners with the amounts that they had contributed to the partnership was surplusage because none of that information was necessary to the cause of action.

Striking the material in the petition which was unnecessary for the cause of action makes it clear that the petition was brought by Jones as the general partner on behalf of Four Missouri Limited Partnerships. There is nothing in the petition which indicates that the action was brought by Jones or any of the limited partners individually.

The judgment is reversed and this cause is remanded with directions to set aside the dismissal and reinstate the third amended petition.

All concur.