**Farland L. GILLIEHAN, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 63263.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 21, 1993.

Sanford Boxerman, St. Louis, for movant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

CRANE, Presiding Judge.

Movant, Farland L. Gilliehan, appeals from an order of the circuit court denying his motion for post-conviction relief under Rule 24.035 without an evidentiary hearing. We affirm.

Gilliehan was indicted for second degree burglary, stealing over $150, and resisting arrest. He was subsequently charged as a Class X offender by an information in lieu of indictment. The trial court conducted a plea hearing on April 7, 1992. At the beginning of the hearing, Gilliehan's attorney announced that Gilliehan authorized him to withdraw his not guilty plea and enter a guilty plea to the charges pursuant to *North Carolina v. Alford*, 400 U.S. 25, 36, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). The state advised the court that it recommended a sentence of four years as a Class X offender. Gilliehan advised the court that he wanted to take the four year sentence rather than run the risk of going to trial. During the plea hearing, the court asked movant if he had been promised anything other than "four years as a Class X offender, with credit for jail time?" Gilliehan answered in the negative. After further questioning, the trial court accepted the plea, found it was voluntary, and found that Gilliehan understood the nature of the charges against him, his rights, and the consequences of the plea.

The state proved Gilliehan's Class X offender status with certified copies of the records of his three previous convictions. In Cause No. 530085 Gilliehan was charged with receiving stolen property in violation of § 570.080 RSMo. The indictment alleged he received a stolen automobile engine on June 21, 1985 at approximately 10:30 a.m. He pleaded guilty to that charge on February 27, 1986. In Cause No. 530086 Gilliehan was charged with receiving stolen property in violation of § 570.080 RSMo. The indictment alleged he received a color television set at 5:30 a.m. on June 21, 1985. He pleaded guilty to that charge on February 27, 1986. He was sentenced to three year concurrent terms on each of these offenses. The trial court originally suspended his sentences in the above actions, but on October 22, 1987, revoked his probation and ordered

the sentences executed. In Cause No. 861–02795 Gilliehan was charged with tampering in the first degree in violation of Section 569.080.1(2) RSMo. Gilliehan was found guilty by a jury on September 27, 1987. The trial court found Gilliehan to be a prior offender on December 4, 1987 and sentenced him to five years imprisonment, to be served concurrently with his other sentences.

At the plea hearing the state also introduced evidence that defendant had served not less than 120 days in the Department of Corrections on these sentences. The trial court found Gilliehan to be a persistent offender under § 558.021 and a Class X offender under § 558.019. The court honored the plea bargain agreement and sentenced Gilliehan to concurrent four year terms on the burglary and stealing charges and a concurrent one-year term on the charge of resisting arrest.

Upon further questioning by the trial court, Gilliehan indicated that he had no reason to believe his attorney had not done a good job for him and that there was nothing that he had asked his attorney to do that his attorney had refused or failed to do. The trial court found no evidence of ineffective assistance of counsel and indicated that he personally considered that defense counsel had made a good disposition by the plea bargain.

On July 6, 1992 Gilliehan filed a *pro se* motion for post-conviction relief under Rule 24.035. His appointed attorney filed an amended motion on September 23, 1992. In his *pro se* motion, Gilliehan alleged his counsel was ineffective in that he had failed to object to the Class X offender finding. In his amended motion, he incorporated his *pro se* motion and alleged that his counsel was ineffective, among other reasons, in failing to object to the trial court's finding of Class X offender status and failing to advise him of the consequences of being sentenced as a Class X offender. He also alleged that the trial court erred in sentencing him as a Class X offender because he had only two previous felony convictions committed at different times. On December 9, 1992 the trial court issued findings of fact and conclusions of law

and denied the motion without an evidentiary hearing.

We first address Gilliehan's claim that the motion court erred in denying relief without an evidentiary hearing to determine if he was in fact a Class X offender. He asserts that he had only two prior felony convictions, rather than three, because the two convictions of receiving stolen property must be counted as one because they were committed at the same time. He further asserts in this point that trial counsel was ineffective in failing to contest "the state's contention" that he was a Class X offender.

A Class X offender is one who has been convicted of three previous felonies committed at different times. § 558.019.4. Gilliehan claims there is a factual issue as to whether the two convictions for receiving stolen property on June 21, 1985 involved offenses occurring at different times. We disagree.

The fact that the two crimes were committed on the same date does not mean that they could not have been committed at different times. *State v. Davis,* 611 S.W.2d 384, 386 (Mo.App.1981). The only evidence pertaining to when the prior offenses were committed were the certified copies of the record of Gilliehan's three prior convictions. These records, which include the indictments, establish that Gilliehan was separately charged and convicted of receiving stolen property, a color television, at 5:30 a.m. on June 21, 1985, and also charged and convicted of receiving stolen property, an automobile engine, at 10:30 a.m. on the same day. The record of these two convictions conclusively establishes that the crimes were in fact committed at different times albeit on the same day. Gilliehan was properly sentenced as a Class X offender.

Under Rule 24.035(g), no hearing is required if the motion and the files and the record of the case show that the movant is not entitled to relief. No evidentiary hearing was required to reprove Gilliehan's three prior convictions. The record refuted his allegation that he should not have been sentenced as a Class X offender. Further, Gilliehan is not entitled to relief on his claim that counsel was ineffective in failing to object to the Class X offender finding. Sufficient proof supported the finding and any objection would have been useless. *State v. Scott,* 829 S.W.2d 120, 122 (Mo.App.1992). This point is denied.

Gilliehan's remaining point is that the trial court erred in denying his Rule 24.035 motion without an evidentiary hearing "because the motion alleged facts not refuted by the record and entitling appellant to relief in that the motion alleged that the failure of appellant's plea attorney to advise him of matters relating to Class X offender status rendered appellant's plea involuntary."

After a negotiated plea of guilty upon counsel's advice, a claim of ineffective assistance of counsel is relevant only to the extent that it affects the voluntariness and understanding with which the plea of guilty was made. *Hagan v. State,* 836 S.W.2d 459, 463 (Mo. banc 1992). "As with any guilty plea, an *Alford* plea is valid if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Fairley v. State,* 770 S.W.2d 458, 459 (Mo.App.1989) (quoting *Alford,* 400 U.S. at 31, 91 S.Ct. at 164). In order to make an ineffective assistance claim under these circumstances, a movant must show that counsel made errors so serious that counsel's representation fell below an objective standard of reasonableness and that counsel's mistakes were prejudicial. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). To satisfy the requirement for prejudice, a movant must show that, but for counsel's errors, movant would not have pleaded guilty and would have insisted on going to trial. *Id.; Hagan,* 836 S.W.2d at 464.

For a movant to be entitled to an evidentiary hearing, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations must not be refuted by the record; and the matters complained of must have resulted in prejudice to movant's defense. *Balow v. State,* 796 S.W.2d 643, 645 (Mo.App.1990). Further, the facts alleged must be sufficient to support a finding movant was prejudiced by the

deficiencies alleged. *Recklein v. State,* 813 S.W.2d 67, 70 (Mo.App.1991). A movant who has entered an *Alford* plea, like any other movant, has the burden to allege facts which would show his plea was not voluntarily or knowingly made. *Fairley,* 770 S.W.2d at 459–60.

Gilliehan states that his motion alleged that his counsel's failure to contest the Class X offender status rendered his plea involuntary. In paragraph 6 of his amended motion, Gilliehan alleges that counsel was ineffective in failing to advise him of the consequences of being sentenced as a Class X offender, and conclusorily alleges that such failure rendered Gilliehan's guilty plea "unknowing, uninformed and involuntary." However, the motion alleges no facts supporting the claim of involuntariness. There is no allegation that Gilliehan would not have entered the *Alford* plea and would have instead gone to trial had his attorney advised him of the consequences of the Class X offender status. At most, the motion indicates that if Gilliehan had this information, he would have used it to contest the Class X offender finding. For example, Gilliehan further alleges in paragraph 6 that his counsel was ineffective in not advising him he could plead guilty "and still contest and challenge the state's allegation that movant was a Class X offender." As we have already found, there was no meritorious objection available to the Class X offender finding because Gilliehan had in fact committed three prior felonies. The amended motion fails to allege facts entitling Gilliehan to a hearing. *Hill,* 474 U.S. at 60, 106 S.Ct. at 371; *Blackmon v. State,* 767 S.W.2d 81, 84 (Mo.App.1989).

Likewise we do not find that Gilliehan's *pro se* motion alleged a factual basis for a finding of prejudice. Gilliehan's *pro se* motion was on Form 40. Paragraph 8 of that form asks a movant to "state concisely all grounds known to you for vacating, setting aside or correcting your conviction and sentence." In paragraph 8(a) Gilliehan responded:

8. (a) Plea counsel failed to object to Movant being Found as a "Class X offender under Section 558.021," and allowing Movant to be constitutionally subject to the statutory minimum service percentages as provide for in Section 558.019.2, RSMo. Movant's constitutional rights have been and are being violated with the judgment and sentence as it now stands because, as interpreted by the Missouri Department of Corrections, it subjects, or may deemed to subject, Movant to the statutory minimum service percentages as set forth in Section 558.019.2, RSMo, and said judgment and sentence should be corrected to reflect that movant should have been sentence under Section 558.016. RSMo.

Paragraph 9 of Form 40 asks movant to "[s]tate concisely and in the same order the facts which support each of the grounds set out in (8) and the names and addresses of the witnesses or other evidence upon which you intend to rely to prove such facts." Gilliehan supported his paragraph 8(a) with paragraph 9(a) as follows:

9. (a) A defendant has a right to waive his constitutional rights by entering guilty plea, but for waiver to be effective, waiver must be made knowingly, intelligently, and with competent assistance of legal counsel.

Movant's plea counsel failed to explain to movant the potential impact of the state's recommendation to the trial court that movant be sentence to four (4) years and that he be found to be a Class X Offender "under Section 558.021." Movant was prejudiced in that had trial counsel explained the potential impact, i.e., that he might be required to serve 80% of his sentence under Section 558.019, Movant would not have agree to the Class X finding and sentence and judgment, and would not have answered the trial court's inquiries in a manner as directed by his counsel, when truthful answers would have apprised the trial court that he did not understand the true impact of his plea of guilty and would have permitted Movant to seek the protection of the court regarding same.

However, it is movant's contention that he was not and cannot be found as a Class X offender under Section 558.019 or 558.-021, RSMo.

We have already determined that the ground which these facts purportedly sup-

port does not state a basis for relief because any objection by counsel to the Class X offender finding would have been non-meritorious. Further, Gilliehan does not allege that had counsel informed him of the consequences of a Class X finding he would have pleaded not guilty and insisted on going to trial. Rather, he alleges that he would have answered the trial court's questions differently which, he claims, would have alerted the trial court to the fact he did not understand the impact of his guilty plea. Gilliehan further suggests that his answers would have permitted him "to seek the protection of the court regarding same." This allegation cannot be read to mean Gilliehan would have entered a plea of not guilty. Instead, it shows an attempt to explain how Gilliehan was prejudiced by his attorney's failure to object to the Class X offender finding and by his missed opportunity to alert the judge himself.

Gilliehan was not unartfully attempting to state that he would not have pleaded guilty. The relief sought in paragraph 8(a) (which the facts in paragraph 9(a) are meant to support) is not the setting aside of the conviction, but sentencing as a prior offender under § 558.016 instead of as a Class X offender under § 558.019.

Gilliehan failed to allege that if his attorney had informed him of the consequences of the Class X offender finding he would have pleaded not guilty and insisted on going to trial. The only prejudice he alleges is the failure to contest the finding, which objection would have been non-meritorious. Accordingly he failed to plead facts warranting an evidentiary hearing. *Hill,* 474 U.S. at 60, 106 S.Ct. at 371; *Blackmon,* 767 S.W.2d at 84.

The motion court's denial of relief without an evidentiary hearing was not clearly erroneous. The order of the motion court is affirmed.

KAROHL, J., concurs in part, dissents in part.

CRAHAN, J., concurs.

KAROHL, Judge, concurring in part and dissenting in part.

I concur in part and dissent in part. Movant's claim that the state failed to prove he was a class X offender is without merit. Accordingly, I concur in that part of the majority opinion which so holds.

Movant is entitled to an evidentiary hearing because he has alleged facts, not conclusions, which, if proven, would warrant relief, and the allegations are not refuted by the record. *Brewer v. State,* 823 S.W.2d 12 (Mo. App.1991). Movant's amended Rule 24.035 motion states, in paragraph 6(c), "counsel failed to advise and inform movant of the consequences of being sentenced as a Class X offender." Movant's *pro se* motion, which is incorporated by reference into the amended motion, states in paragraph 9(a), he was prejudiced by plea counsel's failure in that he "would not have answered the trial court's inquiries in a manner as directed by his counsel." The motion court is governed by the Rules of Civil Procedure insofar as applicable. Rule 24.035(a). As such, averments are to be accorded their reasonable and fair intendment. *Jones Holding Co., Inc. v. Walter,* 792 S.W.2d 61, 63 (Mo.App.1992).

The majority opinion contains the statement "this allegation cannot be read to mean Gilliehan would have entered a plea of not guilty." I find no support whatever for that statement. More to the point, it is irrelevant. It constitutes a reverse approach. Movant had previously entered a plea of not guilty and the only relevant inquiry is whether the facts alleged by movant and not refuted by the record affected the voluntariness of withdrawing the existing not guilty plea and tendering the *Alford* plea. Movant alleges he did not enter a knowing and voluntary plea. The record does not offer any support for a finding that he did.

Some of the questions which were asked and answered by movant were whether he accepted the offer of the state and whether he was waiving a jury trial. The allegations in paragraph 9(a) would support evidence that he was not accepting the offer made by the state because he did not understand it and that he would not have waived a jury trial if the legal definition of the simple offer

"four years as a class X offender" had been explained to him by his plea counsel. It is significant that the offer was very short and simple and contained two elements, a term of years and class X offender status. Movant clearly alleges that counsel never explained and movant did not understand the legal definition and the consequences of the second term of the plea which consisted of two elements.

It is important to note that this case is not like those where a defendant enters a guilty plea for a term of years, *and some time thereafter* learns that a class X offender status will require the minimum period of incarceration. In the present case, the agreement was "four years as a class X offender." An explanation of the consequences of accepting the offer by defining its terms would have been a simple matter. Movant alleges he was prejudiced because no such definition was supplied by counsel and no reference was made at the plea hearing about the legal consequences attending class X offender status. The allegation in the motion that movant was not informed and did not know the meaning of class X offender constitutes a fact pleading not refuted by the record. Movant is entitled to an evidentiary hearing to establish whether movant knew the consequences of being sentenced as a class X offender.

The risk of succeeding falls upon movant. Movant was caught in the act of commission of the charged crimes by police officers. Proof of guilt at trial would seem fairly simple. If movant were successful in proving that the *Alford* pleas were not knowing and voluntary he faces the prospect of consecutive twenty year sentences as a class X offender for the commission of two class C felonies. Under the circumstances movant's risk of success in comparison to the length of mandatory imprisonment, 80% of four years as originally sentenced, is a matter for him to decide. Rule 24.035(g) requires a hearing if he wants it even if the result might be an extended prison term.

I concur in holding the record supports a finding that movant was convicted of three unrelated felonies before entering the pleas in the present case. He is a class X offender. I dissent from that part of the opinion which affirms denial of an evidentiary hearing on the one issue of whether the plea was knowing and voluntary.