Stanley ALFORD, Appellant,

v.

STATE of Missouri, Respondent.

No. 65859.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 7, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 14, 1995.

Application to Transfer Denied
April 25, 1995.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Stanley Alford, appeals from the St. Louis County Circuit Court's denial of

his Rule 24.035 motion without an evidentiary hearing. We affirm.

On February 24, 1993, the state charged appellant by information with one count of first degree robbery, RSMo § 569.020 (1986), and one count of armed criminal action, RSMo § 571.015 (1986). On May 3, 1993, the state amended the information to charge appellant as a class X offender pursuant to RSMo § 558.019 (Supp.1992).[1]

On July 13, 1993, appellant pled guilty as charged in the amended information. The plea was entered pursuant to a plea bargain agreement with the state. At the plea hearing, the state presented three prior felony convictions of appellant to prove appellant's status as a class X offender: stealing a motor vehicle, RSMo § 570.030.3(3)(a) (1986); unlawful use of a weapon, RSMo § 571.030.1(4) (1986); and first degree robbery, RSMo § 569.020 (1986). The court ruled appellant to be a prior and persistent offender and a class X offender. After questioning appellant, the court found appellant's plea of guilty voluntary and with an understanding of the nature of the charge, and accepted his plea. Pursuant to the terms of the plea bargain agreement, the court sentenced appellant as a class X offender to ten years' imprisonment.

On September 13, 1993, appellant filed a *pro se* Rule 24.035 motion for post-conviction relief, alleging: the police failed to properly advise appellant of his *Miranda*[2] rights; appointed counsel did not adequately research the laws relating to persistent and class X offenders, and did not adequately represent appellant; and the court erroneously found appellant to be a class X offender.

On January 3, 1994, appellant filed an amended motion, incorporating the points raised in his *pro se* motion. Appellant alleged he was arrested, questioned, and placed in a line-up without ever being advised of his *Miranda* rights. Appellant also contended he was erroneously sentenced as a class X offender, because, *inter alia,* the three prior convictions used to find appellant a class X offender were not convictions for class A, B, or dangerous felonies, as required under RSMo § 558.019. Appellant further alleged he was denied effective assistance of counsel, as his attorney failed to object to the errors included in the indictment charging appellant as a class X offender; failed to object to the court's sentencing of appellant as a class X offender; and failed to make any motion or objection challenging the illegal arrest, questioning and line-up.

On January 19, 1994, the court denied appellant's post-conviction motion without an evidentiary hearing. This appeal ensued.

■ Appellant raises two points on appeal. For his first point, appellant alleges the court erred in denying his claim that he was improperly sentenced as a class X offender under RSMo § 558.019. Appellant argues the statutory requirement that the crime charged be a class A, B, or dangerous felony also applies to the three prior felonies used to find a defendant a class X offender. According to appellant, because two of the three prior convictions used by the state were not for class A, B, or dangerous felonies,[3] he was not a class X offender and was improperly sentenced by the court. We disagree.

■ RSMo § 558.019 stated in pertinent part:

2. The provisions of this section shall be applicable only to class A and B felonies committed under the following Missouri laws: chapters 195, 491, 564, 565, 566, 567, 568, 569, 570, 571, 573, 575, RSMo, and dangerous felonies as defined in subdivision (8) of section 556.061, RSMo. Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to or has been found guilty of a felony and served time of imprison-

---

1. RSMo § 558.019 was amended in 1993. However, the sentencing of appellant was governed by the statute as written prior to the amendment.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Two of appellant's prior convictions used by the state were theft of a motor vehicle, a class C felony, and unlawful use of a weapon, a class D felony. Neither falls within the statutory definition of "dangerous felony." *See* RSMo § 556.061(8) (1986).

ment of not less than one hundred and twenty days in the department of corrections ... and has been committed to the department of corrections as a prior offender, persistent offender, or class X offender shall be required to serve the following minimum prison terms:

\* \* \* \* \* \*

(3) If the defendant is a class X offender, the minimum prison term which the defendant must serve shall be eighty percent of his sentence.

\* \* \* \* \* \*

4. For the purpose of determining the minimum prison term to be served, the following calculators and definitions shall apply:

\* \* \* \* \* \*

(3) A "class X offender" is one who has previously pleaded guilty to or has been found guilty of three felonies committed at different times; ...

As a criminal statute, RSMo § 558.019 is strictly construed against the state; however, the legislature is presumed to have intended what the statute says by clear and unambiguous language. *State v. Gilmore*, 797 S.W.2d 802, 811 (Mo.App.W.D.1990). "We interpret words within a statute according to their plain and ordinary meaning." *Property Exchange & Sales, Inc. v. King*, 863 S.W.2d 12, 15 (Mo.App.E.D.1993).

Before RSMo § 558.019 is applicable, the felony currently charged must be a class A, B, or dangerous felony.[4] RSMo § 558.019.2; *State v. Simms*, 859 S.W.2d 943, 945 (Mo. App.E.D.1993). In contrast, the statute's definition of "class X offender" contains no such qualification. To be a class X offender, the defendant must have previously pled guilty to, or been found guilty of, "three felonies committed at different times." RSMo § 558.019.4(3). No class or type of felony is specified.

No case law squarely addresses the point raised by appellant. However, dicta suggests the prior felonies used in qualifying a

defendant as a class X offender do not have to be class A, B, or dangerous felonies. This Court has stated:

> ... in determining the applicability of [RSMo § 558.019], we look to whether the felonies with which the defendant is *presently* charged are class A, class B, or dangerous felonies ... *As we interpret the statute, the prior offenses must be felonies, § 558.019.4(3), but need not be of a particular degree or class.* (Second emphasis added.)

*Johnson v. State*, 854 S.W.2d 539, 540, n. 2 (Mo.App.E.D.1993). Furthermore, this Court has upheld a finding of class X offender status based upon prior convictions which were not class A, B, or dangerous felonies. In *Gilliehan v. State*, 865 S.W.2d 752 (Mo. App.E.D.1993), the state used three previous convictions for class C felonies—two convictions for receiving stolen property, RSMo § 570.080 (1986), and one conviction for tampering in the first degree, RSMo § 569.080 (1986)—to classify the defendant as a class X offender. *Id.* at 754. Although we affirmed on other grounds and did not address appellant's present argument, it is apparent we did not construe RSMo § 558.019.4(3) as requiring the three prior convictions be for class A, B, or dangerous felonies.

■ We find it clear that the three prior felonies used to classify the defendant as a class X offender need not be of a particular degree or class. The court properly sentenced appellant as a class X offender. Point denied.

■ For his second point, appellant claims the court clearly erred in not issuing findings of fact or conclusions of law pursuant to Rule 24.035(i) on his claim counsel was ineffective for failing to object to evidence obtained without *Miranda* warnings. Appellant alleges counsel unreasonably failed to object or move to suppress evidence from appellant's illegal arrest, interrogation, and line-up, and this failure rendered his plea involuntary. Appellant asks that we remand for a specific ruling on this claim.

**4.** Appellant pled guilty to a class A felony (first degree robbery) and a dangerous felony (armed criminal action).

 Guilty pleas waive all non-jurisdictional defects in the proceedings and non-jurisdictional defenses to the charges. *Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992). Claims that arrests, line-ups, or statements to the police were unlawful, or that *Miranda* warnings were never given, are all non-jurisdictional defects or defenses and are accordingly waived upon a voluntary plea of guilty. *See Byers v. State*, 772 S.W.2d 802, 805 (Mo.App.E.D.1989); *Oerly v. State*, 658 S.W.2d 894, 896–897 (Mo.App.W.D. 1983). After a negotiated plea of guilty, a claim of ineffective assistance of counsel is relevant only to the extent such ineffectiveness impinged upon the voluntariness and understanding with which the plea was made. *Gilliehan*, 865 S.W.2d at 755.

The court stated in its conclusions of law: "Movant's plea was voluntarily made and knowingly given with a full understanding of his rights and the consequences of a waiver of those rights." Examination of the plea hearing transcript clearly supports the court. Appellant answered affirmatively when questioned as to whether he had had sufficient time to discuss the case with counsel, whether counsel did what he asked him to do, and whether he was satisfied with the outcome of the case. Appellant averred that he understood the charges against him, the consequences of his guilty plea, the rights he waived by pleading guilty, and the range of punishment applicable. Appellant denied that, other than the plea bargain, he had received any threats, promises or inducements leading him to plead guilty.

 When the court finds a post-conviction movant's guilty plea voluntary, it is unnecessary to remand for specific findings of fact addressing the movant's individual claims of ineffective assistance of counsel if the record clearly supports the court's finding. *Seibert v. State*, 752 S.W.2d 333, 334–335 (Mo.App.E.D.1988).[5] The record clearly supports the court in this case. No remand for specific findings of fact is necessary. Point denied.

---

**5.** *Seibert* concerned Rule 27.26, which has since been repealed and replaced with Rule 24.035. However, the pertinent language of Rule 27.26 at

Based on the foregoing, we affirm the circuit court.

REINHARD, P.J., and CRAHAN, J., concur.

issue in *Seibert* is identical to that of Rule 24.035 at issue here. *See* Rule 27.26(i) (repealed); Rule 24.035(i).