Steven D. RICK, Appellant,

v.

STATE of Missouri, Respondent.

No. 69984.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 26, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Steven D. Rick ("movant"), appeals from the judgment denying his Rule 24.035 motion after an evidentiary hearing in Ralls County Circuit Court. We reverse and remand.

Movant was charged with four counts of assault in the second degree, RSMo § 565.060.1(4) (1994), for driving into another vehicle while under the influence of alcohol, thereby injuring the vehicle's four occupants. On April 26, 1995, movant withdrew his plea of not guilty and entered an *Alford*[1] plea of guilty to all four counts.

At the outset of the plea hearing, defense counsel told the trial court, "... [W]e're pleading with an open recommendation, no

---

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

plea offer from the prosecutor." The court then questioned movant. Movant testified he had not been threatened, pressured, or coerced into pleading guilty; there were no promises made to him causing him to plead guilty; he understood any promises or agreements made by his attorney or the prosecutor were not binding on the court; and he understood the range of punishment on the charges. Movant agreed it was his understanding "that there have been no plea negotiations, and this plea is being made to the Court without any plea bargain with the State." Movant further attested to his understanding that the court would be asking both the state and defense counsel to make a recommendation as to what an appropriate sentence would be, and that the court was not bound by either side's recommendation. The court found movant's plea to have been made knowingly, intelligently and voluntarily.

The trial court subsequently asked for arguments from both sides. The state requested the court to sentence movant to the maximum of seven years on each of the four counts, to run consecutively to each other and to the term movant was currently serving on another crime. No objection was raised by defense counsel, who requested in his own argument that the sentences run concurrently. The court sentenced movant to four consecutive seven-year terms.

Movant was then questioned about the representation he received from defense counsel. The following colloquy ensued:

[MOVANT]: ... This man told me he was—he would let me plead with no recommendation, and he just got up and recommended four seven-year terms to run consecutively. So I need to know what motions I need to file to withdraw my *Alford* plea. Because that man lied to me.

THE COURT: ... Mr. Beck, was your understanding of the plea negotiations different than what took place?

[DEFENSE COUNSEL]: Judge, it was my understanding we were going to be pleading without any recommendation from the State.

THE COURT: Mr. Brannon?

[PROSECUTOR]: That's not my understanding, Your Honor. An open—An open plea means that we're willing to make any recommendation possible.

THE COURT: As presented to the Court previous to the time that the plea was entered, it was my understanding that there would be no plea bargain and that there would be no agreement as to the term that would be served, but that there was no statement or understanding by me that there would be no recommendation given by the prosecutor.

[MOVANT]: Your Honor, I have a letter, a written letter—

THE COURT: Well, I understand you may, but let me tell what—what we did too. When I was questioning you—And the record will reflect that I asked you a number of questions before I took your plea. One of them specifically was, do you understand that by plea—that when you plead guilty, that I am going to ask the prosecutor for his recommendation concerning what sentence you should serve, and you said yes. And I asked you if you—if you understood that your attorney would have a chance to say that. Now, I was very, very careful about asking you those questions, and so I don't see how there could have been—if you had a misunderstanding, that was the time to have spoken up and say so.

I have advised you of the rules under which you may proceed to have this plea of guilty set aside. Your attorney can go over those matters with you again. And you will be free to file those motions or any appeals that you'd like to based on what's taken place and based on the record we've made. Okay? So that'll—that'll be the explanation that you'll be given on that today.

Movant subsequently testified he was not satisfied with the services rendered him by defense counsel, asserting, "... I have a letter from my attorney saying that I would enter a plea of guilty without any recommendation whatsoever; he would remain quiet during my sentencing. I have the letter from [defense counsel] with his signature on it, and he did not remain quiet. So, yes, I do

feel I had insufficient counsel." Nonetheless, the court found "no probable cause of ineffective assistance of counsel exists." Judgment was entered on the plea.

Movant filed timely *pro se* and amended Rule 24.035 motions. In his first amended motion, movant claimed, *inter alia,* defense counsel was ineffective for failing to object to the prosecutor's recommendation that the sentences run consecutively to each other and to the sentence already being served by movant. Movant asserted there was an agreement that the state would remain silent as to recommendations on concurrent or consecutive terms; the prosecutor violated this agreement; and movant was not given an opportunity to withdraw his plea upon the occurrence of the violation.

An evidentiary hearing was held December 6, 1995. Movant and defense counsel were the only witnesses. Movant testified to the following: Movant was aware the maximum sentence on each count was seven years. Defense counsel told him of an offer from the prosecutor, in which the state would recommend three consecutive terms at the maximum and one concurrent term (a total sentence of twenty-one years), if movant pled guilty. Movant rejected this offer. Movant was later told of another offer: if he pled guilty, the prosecutor would remain silent as to the sentence recommended by the state, while his counsel argued for concurrent sentences. A letter to this effect, dated March 14, 1995, addressed to movant and signed by counsel, was admitted into evidence. The letter stated in pertinent part:

As I indicated to you in a previous letter, the Prosecuting Attorney is not willing to change his recommendation. He would, however, allow us to plead without any recommendation. This would allow us to argue that all sentences should run concurrent and concurrent with the time you are serving. The Prosecutor would stand silent and not argue for concurrent or consecutive time.

Movant agreed to this offer.

Movant subsequently signed a Petition to Enter Plea of Guilty, dated April 26, 1995, the date of the plea hearing. The petition stated in part: "The Prosecuting Attorney promised that if I plead GUILTY, he/she will do the following: no recomendation" [sic].[2] Movant asserted this meant the prosecutor "would remain silent during sentencing." When asked what he thought the trial court meant when it asked him if the plea was without a plea bargain with the state, movant answered, "I didn't have a plea bargain. To me, it wasn't a plea bargain because we didn't have a set amount of years that I was pleading guilty to. It was just a plea with no recommendation from him."

On cross-examination, movant acknowledged defense counsel advised him he would be prosecuted as a prior and persistent offender if the matter proceeded to trial, where the range of punishment would be twenty years on each count; however, movant insisted, "I would have took it to trial before I took your 21 years." Movant admitted he believed he would be convicted at a trial. Movant also admitted he told the court at the plea hearing that he understood no promises had been made to him causing him to plead guilty, that any promises made to him were not binding on the court, that there had been no plea negotiations and that the plea was being made without any plea bargain with the state.

Defense counsel testified to the following: Movant rejected the prosecutor's initial offer of three consecutive seven-year sentences and one concurrent seven-year sentence. Counsel's notes showed two subsequent offers from the state: one for an open plea, and a later one of no recommendation. Counsel conveyed the latter offer to movant via the March 14, 1995, letter, and movant accepted it. Counsel filled out the Petition

---

**2.** Although the Petition to Enter Plea of Guilty was dated April 26, 1995 (the date of the plea hearing), it was never admitted into evidence at the plea hearing, does not bear a file stamp from the trial court, and is not referred to anywhere in the record of the plea. We suggest that at future pleas, such petitions be marked as exhibits, presented to the trial court, and offered into evidence, therefore making it clear on the record that the court was aware of any agreements set out therein.

to Enter Plea of Guilty, and he and movant signed it. This petition contained the agreement as counsel understood it: "no recommendation." The petition was then admitted into evidence. Counsel further testified:

Q. ... Now, at the plea hearing, the Judge told [movant] he was going to ask for a recommendation. Do you recall that?

A. Yes, I do.

Q. And did you believe at the time that the prosecutor was going to give a recommendation?

A. At that time I was unsure what the prosecutor was going to do, because the Judge had specifically told us that he was going to ask for a recommendation.

Q. But your understanding of the agreement was that the prosecutor was not going to give a recommendation? ...

A. Prior to that hearing, yes.

Q. Okay. So ... going into the plea hearing, you anticipated that there would be no recommendation from the prosecutor based on your negotiations with him; is that correct?

A. That is correct.

On cross-examination, counsel agreed the evidence would be "heavily against" movant if the matter went to trial.

On January 4, 1996, the motion court entered findings of fact, conclusions of law, and a judgment denying movant's claims. The court made the following conclusions of law: The trial court had "specifically addressed with the Movant that his plea was voluntary, no promises had been made to Movant, no promises were binding on said Court if made, the plea was not pursuant to any recommendation by the State, and that the Court would be asking for a recommendation and presentation of any evidence by the State." The record failed to show that any mistaken belief on movant's part regarding a plea agreement was reasonable, as movant "failed to make a showing that at the time of Movant's plea there existed a positive representation upon which Movant was entitled to rely regarding said plea." Further, even had such representation been made, movant failed to show that but for defense counsel's errors, he would not have pled guilty:

Movant and counsel both testified at the hearing in this cause that the evidence against Movant was overwhelming and that if Movant would have proceeded to trial the State intended to charge him as both a prior and persistent offender ... thus increasing the range of punishment. Therefore Movant has failed to show the required prejudice to establish that but for counsel's alleged errors the Movant would not have plead guilty and proceeded [sic] to trial....

This appeal followed.

For his sole point on appeal, movant contends the motion court clearly erred in finding defense counsel's failure to object to the prosecutor's recommendation of four consecutive seven-year sentences at the plea hearing did not constitute ineffective assistance of counsel. We agree.

■■■ Our review on appeal is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). Such findings and conclusions are clearly erroneous only if, after reviewing the entire record, the reviewing court is left with the firm and definite impression that a mistake has been made. *State v. Sharp*, 908 S.W.2d 752, 756 (Mo.App. E.D.1995). The findings of the motion court are presumed correct. *Greathouse v. State*, 859 S.W.2d 247, 249 (Mo.App. W.D.1993).

■■■ After a guilty plea, a claim of ineffective assistance of counsel is relevant only to the extent it affected the voluntariness and understanding with which the plea was made. *Gilliehan v. State*, 865 S.W.2d 752, 755 (Mo. App. E.D.1993). An *Alford* plea is valid if it represents a voluntary and intelligent choice among the alternatives available to the defendant. *Id.* For movant to prevail on his claim of ineffective assistance of counsel, then, he must show defense counsel's representation fell below an objective standard of reasonableness, and he was prejudiced as a result. *Id.* To prove prejudice, movant must prove that, but for defense counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.*

Here, movant contends "defense counsel's lack of action rendered [movant]'s plea invol-

untary in that [movant] would not have pled guilty if he had known the prosecutor would recommend consecutive sentences to the Court." Movant cites *Vernor v. State*, 894 S.W.2d 209 (Mo.App. E.D.1995), and *Miller v. State*, 869 S.W.2d 278 (Mo.App. E.D.1994), in support of his contention. These two cases represent somewhat different situations regarding the voluntariness of guilty pleas.

If the movant claims he or she pled guilty because he or she was misled, the court must determine whether the movant's belief by which he or she claims to have been misled was reasonable. *Vernor*, 894 S.W.2d at 210 (mistaken belief movant would receive credit for time served). *See also Torrence v. State*, 861 S.W.2d 149, 150 (Mo.App. E.D. 1993) (failure of counsel to correctly inform movant of eligibility for parole). If the movant claims he or she pled guilty due to a mistaken belief about his or her sentence, the court must determine whether a reasonable basis existed for such a belief. *Miller*, 869 S.W.2d at 279 (believed sentence was one term of life plus fifteen years rather than three concurrent terms of life plus fifteen years). *See also McNeal v. State*, 910 S.W.2d 767, 769 (Mo.App. E.D.1995) (believed federal and state sentences would run concurrently). In both scenarios, the test is whether a reasonable basis exists in the record for the movant's belief. *Id.* (citing *Vernor* and *Miller*). "Only when it appears that a movant's belief is based upon positive representations on which he is entitled to rely will we conclude a movant's mistaken belief is reasonable." *Id.*

We make no finding as to whether there was an agreement between defense counsel and the prosecutor that the state would make no recommendation as to the sentence movant should receive. If there was such an agreement, and movant pled guilty in reliance therein, then movant would be entitled to relief: "If a prosecutor fails to fulfill a promise which induced a guilty plea, the defendant is entitled to relief.... [A] breach of plea agreement occurs where a prosecutor promises to make no recommen-

dation regarding sentencing in exchange for a guilty plea but later makes a recommendation." *Sharp*, 908 S.W.2d at 755 (citations omitted). *See also North v. State*, 878 S.W.2d 66, 67–68 (Mo.App. W.D.1994). Here, the record does not conclusively show whether the state made any such promise. It appears there was, at the least, a misunderstanding at the plea hearing as to what exactly was agreed to by the attorneys. The Petition to Enter Plea of Guilty (which we presume was filled out by defense counsel prior to the plea hearing) stated the prosecutor would make no recommendation, and defense counsel attested at the hearing to his "understanding" that the plea was to be made "without any recommendation from the State." However, these assertions are inconsistent with defense counsel's statement at the outset of the plea hearing that defendant was pleading "with an open recommendation[.]" In any event, our concern here is whether movant believed the state had agreed to make no recommendation, movant's belief was reasonable, and movant pled guilty in reliance upon this belief.

In denying movant's claim, the motion court first noted the trial court had "specifically addressed with the Movant" that no promises had been made to movant, no promises were binding on the trial court if made, movant was aware the trial court would be asking for a recommendation from the state, and the plea was made without any plea bargain. In fact, examination of the record of the plea hearing reveals that the trial court's acceptance of movant's plea was proper, based on the record the court had before it at that time. There was no evidence of any agreement regarding the state's recommendation of sentence when the trial court accepted movant's plea and sentenced movant.[3] Not until the trial court's subsequent questioning of movant about his representation by counsel was there any mention by movant or defense counsel that the plea was to be entered without any recommendation from the state. It was this testimony, given after the plea had been accepted, that necessitated the evidentiary hearing on mov-

---

**3.** In particular, the record does not show that movant's Petition to Enter Plea of Guilty was

ever before the trial court at any time during the plea hearing.

ant's post-conviction claim of ineffective assistance of counsel.

The motion court also held movant failed to make a showing that at the time of his plea there existed a positive representation regarding his plea, upon which he was entitled to rely. If the only evidence of any representation made to movant by defense counsel was their testimony at the evidentiary hearing, our review would be at an end; we defer to the motion court on matters of witness credibility. *Sharp,* 908 S.W.2d at 757. However, the March 14, 1995, letter from defense counsel to movant and the April 26, 1995, Petition to Enter Plea of Guilty were both admitted into evidence without objection. These exhibits constituted clear proof of the representations made by defense counsel to movant. Further, movant's reliance on these representations was reasonable. Movant was entitled to rely on the representations of his own attorney in pleading guilty.

The motion court then held that even had positive representations been made to movant, he failed to show he was prejudiced as he did not establish that, but for defense counsel's errors, he would not have pled guilty and would have proceeded to trial. The court based this holding on the fact that "Movant and counsel both testified at the hearing in this cause that the evidence against Movant was overwhelming and that if Movant would have proceeded to trial the State intended to charge him as both a prior and persistent offender ... thus increasing the range of punishment." The state relies on this holding in its brief: "The motion court did not believe that [movant] would have gone to trial ... and deference should be given to this finding."

■ However, the strength of the state's case against movant, and the fact that he would be prosecuted as a prior and persistent offender, were irrelevant to the question at hand: whether movant's reliance on defense counsel's representations in entering his plea was reasonable. The record shows movant pled guilty because of defense counsel's representations, not because of the evidence against him (which, movant and de-

fense counsel conceded at the evidentiary hearing, strongly favored conviction).

The state also asserts that "regardless of whether or not the state recommended anything and whatever the state did recommend, the court would ultimately decide what sentence to assess [movant]." It is true the trial court was not bound by the state's recommendation as to what sentence to impose, and informed movant of this fact at the plea hearing. However, regardless of the discretion vested in the court with respect to sentencing, movant was pleading guilty in the belief the state would make no recommendation. The reasoning set out in *Shepard v. State,* 549 S.W.2d 550 (Mo.App.K.C.D.1977), applies with equal force here:

It is futile to speculate as to the effect that the recommendations of prosecutorial authorities may or may not have on a sentencing court in a given case. As a matter of common practice such recommendations are requested and to say that they are never considered or given any weight would be unrealistic. In any event, the appellant and his counsel placed importance upon the consideration that no recommendation would be made in this case when the plea bargain was accomplished.

*Id.* at 554.

■ Movant has established prejudice—that is, but for defense counsel's representations that the state would make no recommendation as to sentence, movant would not have pled guilty. We now turn to the other element, whether defense counsel's failure to object to the state's recommendation fell below an objective standard of reasonableness. We find it did.

■ The state argues any objection by movant to the prosecutor's recommendation of consecutive sentences would have been "essentially fruitless," since the victims themselves could have testified to their belief that movant "should be sentenced to the maximum," but instead authorized the prosecutor to speak on their behalf. According to the state, "If the state's attorney had been prevented from verbalizing the recommendation, any one of the victims could have taken the stand and made the recommendation

himself or herself." This argument is devoid of merit. Victims who testify at the sentencing of a defendant appear on their own behalf, not on behalf of the state, and their statements do not present the views of the prosecutor or of the state. *Sharp,* 908 S.W.2d at 755. Here, the victims' right to testify at movant's sentencing and recommend that he be "sentenced to the maximum" was unrelated to any agreement entered into by the state (i.e., remaining silent as to sentencing). *See id.*

The state also argues an objection by defense counsel "could also have highlighted the egregiousness of [movant]'s behavior." We fail to see how objecting to a breach of the plea agreement (if there was, in fact, such an agreement) would "have highlighted the egregiousness of [movant]'s behavior[,]" or how the failure to so object served any reasonable trial strategy, in light of movant's reliance on this agreement in pleading guilty.

In sum, the record on appeal clearly shows movant pled guilty because he reasonably believed the state would make no recommendation as to the sentence he would receive. We further find that, but for defense counsel's representations to movant that such an agreement was in effect, movant would not have pled guilty. Finally, defense counsel's failure to object when the state recommended consecutive sentences fell below an objective standard of reasonableness. Movant's plea of guilty was therefore involuntary and the motion court clearly erred in holding otherwise.

The judgment of the motion court is reversed and cause is remanded for further proceedings.

DOWD, P.J., and REINHARD, J., concur.