Louis JONES, Movant,

v.

STATE of Missouri, Respondent.

No. 44174.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 20, 1983.

Thomas Spencer Hyatt, Public Defender, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

GAERTNER, Judge.

This is an appeal from the dismissal without evidentiary hearing of one of eighteen grounds alleged in a Rule 27.26 motion.

Appellant was charged with six offenses as a participant in the robberies and killing of patrons of Cousin Hugo's Tavern in St. Louis County. A jury found him guilty of one count of robbery and one count of assault and acquitted him on the other four counts. At his request a pre-sentence investigation was made. In the P.S.I. report, appellant was quoted as having admitted to the probation officer facts tending to implicate him in the entire affair. The trial judge (not the same judge who ruled on the 27.26 motion) sentenced him to two consecutive life terms.

On appeal of the convictions, appellant complained of the consideration by the sentencing judge of these admissions. This court, in *State v. Jones,* 545 S.W.2d 659, 668 (Mo.App.1976) stated "[w]hile we are convinced that appellant's point, if properly preserved for review, is totally without merit, objections not presented to or expressly ruled by the trial court are not preserved for appellate review." The convictions were affirmed but the case was remanded for resentencing because of the

intervening decision of the Supreme Court of Missouri in *State v. Baker,* 524 S.W.2d 122 (Mo. banc 1975). At the resentencing, counsel for appellant for the first time advised the trial judge of his contention of impropriety in the consideration of the admissions in the P.S.I. report. The judge, after first stating he was considering only the evidence presented to the jury, made a subsequent equivocal statement about his consideration of the report. He then re-imposed the two consecutive life sentences.

This second equivocation by the trial judge at the second sentencing serves as one of eighteen points alleged by appellant as grounds for again vacating his sentence. This point, and fourteen others, were dismissed without evidentiary hearing. The remaining three were heard and denied. Only this single point is asserted as error on this appeal.

Although technically not ruled upon because the contention had not been preserved for appellate review, this court nevertheless fully considered this point on the direct appeal from the conviction and found it to be without merit. As observed in *Jones,* 545 S.W.2d at 668, appellant requested the pre-sentence investigation and, therefore, whatever information it contained got into the court's hands by reason of his request. He cannot now be heard to complain of the very procedure he initiated and participated in.

His sole contention here does not address the propriety or impropriety of the court's consideration of the admissions.[1] Rather, he complains only that the dismissal without evidentiary hearing deprived him of the right of cross examination of the sentencing judge through which he might be able to show that the judge erroneously considered crimes of which he had been acquitted in determining the sentence to be imposed.

■ The first reason why this argument fails is that the record shows it to be factually unfounded. An evidentiary hearing

---

1. The objection at resentencing was on the grounds that appellant was not warned by the probation officer of his right against self-in-crimination under *Miranda v. Arizona.* He had already been acquitted and was not exposed to incrimination.

was held on three of the eighteen points asserted in appellant's motion. During this hearing, the sentencing judge was asked what factors he had considered in resentencing appellant and he replied "crime, viciousness of the crime itself."

■ Additionally, there would have been no deprivation of appellant's constitutional rights if the sentencing judge had considered the implicating statements in determining the appropriate sentence. "[I]n determining sentence, a court should take into account the nature and circumstances of the offense together with the character and propensities of the offender, as well as his past as it may indicate present purpose and tendencies and suggest the period of restraint and kind of discipline that should be imposed." *State v. Cline*, 452 S.W.2d 190 (Mo.1970). For this purpose, consideration by a sentencing judge of a defendant's "Hoover Rap Sheet" showing arrests which did not result in convictions was held to be proper. *State v. Oldham*, 546 S.W.2d 766, 771 (Mo.App.1977). This was not a case where the sentencing judge used prior convictions later found to be invalid for the expressed purpose of enhancing punishment, as in *Wraggs v. State*, 549 S.W.2d 881 (Mo. banc 1977). Nor is this case comparable to *U.S. v. Weston*, 448 F.2d 626 (9th Cir.1971), the case relied upon by appellant herein, which denounced consideration of unsubstantiated statements of an unidentified informant regarding a defendant's involvement in additional criminal activities.

■ In *Weston*, the defendant vehemently denied the unsubstantiated contention. Here, appellant admitted his complicity. More analogous is *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), a decision cited with approval in *Weston*. There, the jury recommended life imprisonment but the trial judge imposed a sentence of death in reliance upon the defendant's admission of complicity in a number of burglaries of which he had not been convicted. In *Williams* the Supreme Court held that due process does not require that information relied upon in the sentencing determination be "restricted to that given

in open court by witnesses subject to cross examination." *Williams v. New York*, 337 U.S. at 250, 69 S.Ct. at 1084. Thus, it is the trustworthiness of the information rather than the form or manner in which it is conveyed to the sentencing judge which is important. Adapting the philosophy that "the punishment should fit the offender, not merely the crime," the Supreme Court reaffirmed the "fundamental sentencing principle" that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Roberts v. U.S.*, 445 U.S. 552, 556, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622, 628 (1980). The only prohibition imposed by *Roberts* is the consideration of "misinformation of constitutional magnitude," a factor certainly not indicated by the facts and circumstances here.

It follows that appellant was not prejudiced and the court committed no error in dismissing this point of his 27.26 motion without evidentiary hearing. Therefore, appellant's second point on appeal that the grounds upon which the court acted were erroneous, is immaterial. *Scroggins v. State*, 604 S.W.2d 699 (Mo.App.1980).

The judgment is affirmed.

SNYDER, P.J., and DOWD, C.J., concur.