**David FINAZZO, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52161.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 11, 1987.

Mark Thorson McSweeney, Clayton, for appellant.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant appeals from denial of post-conviction relief following a Motion 27.26 evidentiary hearing. Defendant seeks to vacate an eight year sentence upon conviction of two counts of burglary second degree and one count of stealing over $150.00. We affirm.

In 1985, defendant entered a guilty plea to the charges he now wishes to vacate. At trial, a pre-sentencing investigation report (PSI) was ordered by Judge Nolan. Upon review of the PSI, defendant was found to be a persistent offender in that he had been convicted of at least two prior felonies. However, the PSI filed with Judge Nolan was inaccurate to the extent that defendant had three prior burglary convictions instead of the four shown on the PSI.

Defendant contends that the hearing court erred in denying his 27.26 motion because his sentence was based on misinformation. Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984). Clearly erroneous findings and conclusions are those which leave the reviewing court with a definite and firm impression that a mistake has been made. *Lockett v. State*, 679 S.W.2d 337, 339 (Mo.App., W.D. 1984).

Defendant admitted at the time of his guilty plea and sentencing that he had three prior burglary convictions and one prior conviction for the sale of marijuana. These prior convictions were accurately reported in the PSI. At the evidentiary hearing, probation officer testified that his recommendation would have remained the same whether or not the single error was excised from the record. In rendering her sentence, Judge Nolan testified that she took into consideration the fact that defendant had at least two similar prior convictions. However, Judge Nolan cut the State's recommendation by two years due

to defendant's recent showing of good behavior. In determining sentence, a court should take into account the nature of the offense, the character of the offender, and the offender's past as it may indicate present tendencies. *Jones v. State*, 658 S.W.2d 504, 506 (Mo.App., E.D.1983). Judge Nolan further testified that the sentence imposed was not predicated on the misinformation contained in the PSI. The actual number of defendant's prior convictions did not influence her sentencing and if she had been aware of the inaccuracy, her sentence would have remained the same.

Finally, we find no evidence in the record before us that indicates the alleged mistake as to the year defendant violated probation had any affect on sentencing. Where the same sentence would have been imposed regardless of the misinformation, vacation of sentence would be improper. *Peterson v. United States*, 493 F.2d 478, 480 (8th Cir.1974).

The judgment is affirmed.

SIMON and STEPHAN, JJ., concur.