Terry Lee **EDWARDS**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. WD 42437.

Missouri Court of Appeals,
Western District.

July 3, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug 28, 1990.

David S. Durbin, Appellate Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Terry Lee Edwards was charged and pled guilty to second degree assault. In exchange for the plea, the State recommended a maximum sentence of five years. Following a presentence investigation, Edwards was sentenced to a term of "four and a half years" imprisonment.

Edwards filed a pro se motion for post-conviction relief pursuant to Rule 24.035 on January 31, 1989. The Public Defender's Office was subsequently appointed and an amended motion was filed on Edwards' behalf on May 1, 1989. Following an evidentiary hearing, the motion court denied Edwards' request for post-conviction relief. Edwards appeals said denial.

■ Edwards presents three points on appeal. In point one he alleges that the motion court erred in denying his motion for post-conviction relief on the basis that the sentence he received of four and one half years is invalid. This is so, argues Edwards, because the range of punishment for a class C felony contemplates a term of whole number years only.

In the recent case of *State v. Morrow*, 793 S.W.2d 410, 412, (Mo.App.1990), this court held that the imposition of a "fractional" sentence of two and one-half (2½) years' imprisonment was permissible. Point one is denied.

In point two, Edwards argues that the motion court erred in denying post-conviction relief because his guilty plea was not knowingly and voluntarily made in that trial counsel had misrepresented the range of punishment as well as the fact that the victim was paralyzed and confined to a wheelchair.

■ In order to prevail when attacking the competency of counsel following entry of a guilty plea, a movant must show that counsel's errors were so serious that his representation fell below an objective standard of reasonableness and that these errors affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Additionally, to meet the prejudice requirement, movant must show there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Scharnhorst v. State,* 775 S.W.2d 241, 247 (Mo.App.1989).

■ Edwards cannot prevail for either of the reasons he alleges. First, regardless of what counsel told him as to the range of punishment, the record clearly establishes that Edwards was well informed, at the time he entered his guilty plea, of the possible range of punishment.

■ Second, even if Edwards' counsel made a statement to the effect that the victim was paralyzed, the record makes no indication that this information was untrue at the time it was related to Edwards. The evidence was that the victim suffered extensive injuries as a result of the collision which formed the basis for the charge against Edwards. Following lengthy hospitalization, the victim resided at a rehabilitation facility for some eight months to relearn motor and cognitive skills.

The record does not support Edwards' assertions and point two is denied.

■ In his final point, Edwards argues that the motion court erred in denying relief because trial counsel was ineffective for failing to object to the testimony of the victim and his family regarding the difficulties encountered by the victim following the accident.

At the time of sentencing, the victim and members of his family testified to the sentencing judge with regard to the difficulties the victim encountered as a result of the injuries sustained in the collision.

Edwards seems to overlook § 557.041.2, RSMo which provides:

At the time of sentencing of any person who has pled guilty or been found guilty of a felony offense, the victim of such offense may appear before the court personally or by counsel for the purpose of making a statement or may submit a written statement. The statement shall relate solely to the facts of the case and any personal injuries or financial loss incurred by the victim. A member of the immediate family of the victim may appear personally or by counsel to make a statement if the victim has died or is otherwise unable to appear as a result of the offense committed by the defendant.

Additionally, § 595.209, RSMo 1986, provides, in pertinent part:

To the extent reasonably possible and subject to the available resources, victims and witnesses of crime, or in the case of a homicide, the family members of the victim whether or not such members are witnesses in any criminal proceeding, shall be afforded the following rights where applicable:

\* \* \* \* \* \* \*

(3) For victims, to have the right to appear personally or by counsel at the sentencing proceeding and to reasonably express his or her views concerning the seriousness of the crime and the need for restitution; ...

While it is apparent that the victim's family is not given an absolute right to testify, they are not specifically precluded from giving testimony. Also, it is a fundamental sentencing principle that a judge may appropriately conduct an inquiry, broad in scope, largely unlimited in nature either as to the kind of information he may consider, or the source from which it may come. *Jones v. State,* 658 S.W.2d 504, 506 (Mo.App.1983) (citation omitted).

It cannot be said, in light of the foregoing, that counsel was ineffective for failing to object to the complained of testimony. Point three is overruled.

The judgment is affirmed.

All concur.