**Robert P. GIRARDIER, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 61240.**

Missouri Court of Appeals, Eastern District, Division Four.

June 30, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1992.

Application to Transfer Denied Sept. 22, 1992.

Dave Hemingway, St. Louis, for movant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of Rule 24.035 post conviction relief which the motion court ruled without an evidentiary hearing. Movant was charged with four counts of sale of cocaine, § 195.020 RSMo 1986; one count of possession of cocaine, § 195.020; one count of receiving stolen property, § 570.080 RSMo 1986; and two misdemeanors. On May 30, 1991, he entered pleas of guilty to the six felonies. The sentencing court followed the recommendation of the prosecuting attorney, honored a plea bar-gain and imposed concurrent eight year sentences on the sale of controlled substance felonies and seven years on the remaining felonies for a total incarceration of eight years.

Movant now claims his guilty pleas were not voluntary because the prosecutor failed to fulfill a promise which induced the pleas. If true, movant would be entitled to relief. *State v. Hoopes,* 534 S.W.2d 26, 36 (Mo. banc 1976); *Shepard v. State,* 549 S.W.2d 550, 551 (Mo.App.1977). Movant is not entitled to an evidentiary hearing and is not entitled to relief on this account if the factual basis is refuted by the record and files in the case. *Gillespie v. State,* 785 S.W.2d 725, 726 (Mo.App.1990).

Movant's pro se motion for Rule 24.035 relief does not allege the recommendation of the prosecutor and the sentence of the court violated a plea agreement. The amended motion filed by counsel alleges the prosecutor "promised movant that he would receive five years of probation with one-hundred twenty days of shock imprisonment in exchange for pleas of guilty. Movant received a total of eight years of imprisonment. Movant would not have pled guilty but for the promise of probation." These allegations are wholly refuted by the record. The prosecutor presented to the sentencing court a statement indicating the available evidence to prove each of the charges. After the prosecutor recommended eight years on the sale of cocaine charges and seven years on the possession and receiving charges the court determined that the guilty pleas were the result of negotiations. Defense counsel affirmed for the court that the recommendation was consistent with the negotiated plea and that there were no other considerations and no other promises. Movant acknowledged there were no other promises made to him "other than the arrangement that [he had] made through [his] lawyer with the state and the disposition of this case." Finally, at the end of the sentencing proceeding the court asked defendant whether the sentence imposed was what he expected under the terms of the negotiated plea. The defendant's answer, "Yes, sir, it was" is decisive of any contention of a breach of a plea agreement. Point denied.

Movant's second point is plea counsel was ineffective for failure to investigate or inform the court of movant's cooperation with the police in obtaining the arrest of others "but for which the court may have undercut the state's recommendation." This point is both speculative and refuted by the record. Defendant acknowledged he was satisfied with the services he received from his attorney. Moreover, where the sentences were in strict compliance with a negotiated plea we reject an argument that counsel was ineffective for failure to mention facts which might constitute a basis for a sentence less than the term agreed to and recommended by the state. The effectiveness of counsel is relevant only if it influences the voluntariness of the plea. *Naden v. State,* 773 S.W.2d 906, 907 (Mo.App.1989). Movant's plea was not rendered involuntary by any failure of trial counsel after defendant affirmed the agreement presented by the prosecutor and followed by the court. Point denied.

SMITH, P.J., and AHRENS, J., concur.