postconviction relief. Rule 30.25(b) and Rule 84.16(b).

Joseph. L. FIGGINS, Appellant,

v.

STATE of Missouri, Respondent.

WD 46926.

Missouri Court of Appeals,
Western District.

Aug. 10, 1993.

Laura R. Martin, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before FENNER, P.J., and SPINDEN, and SMART, JJ.

SPINDEN, Judge.

Joseph L. Figgins appeals the denial of his Rule 24.035 motion without an evidentiary hearing. He pleaded guilty on November 26, 1991, to three counts of assault in the second degree in connection with an automobile accident on April 22, 1990, in Jackson County.[1] He alleges that his guilty pleas were involuntary, that the record failed to show a "factual basis" for finding him guilty, and that his sentences were invalid because the court heard testimony from a representative of Mothers Against Drunk Driving (MADD).

At a hearing concerning his guilty pleas, Figgins testified that he was driving home from a party where he had been drinking beer. He attempted to pass a car he had overtaken, he said, and accelerated rapidly into the left passing lane. When he swerved the car back into the right lane, he said, his car "started hopping" because of faulty shock absorbers and crossed the lane and hit a sign post. He told the court that he jerked the steering wheel to the left, and the car crossed the highway center line into oncoming traffic. The car hit an oncoming car head on. Three occupants in the other car were seriously injured.

Figgins admitted to the court that he had drunk five beers in the hour and a half before the wreck and that he was intoxicated. A breathalyzer test after the wreck measured his blood alcohol content at .22 percent.

He told the court that he had sufficient time to consult with his attorney—that he had discussed defenses with his attorney—and that he was satisfied with his attorney's services. He said he was pleading guilty only because he believed that he was guilty. The court found that Figgins' pleas were freely and voluntarily entered and that Figgins was guilty beyond a reasonable doubt of the three counts.

At a sentencing hearing on January 30, 1992, Figgins acknowledged that he was intoxicated at the time of the collision and that his intoxication "caused this accident." The state offered the testimony of a MADD representative. The court overruled Figgins' objection to the testimony. The court sentenced Figgins to seven years on each of the three counts and ordered that the sentences run consecutively.

On April 10, 1992, Figgins filed a *pro se* Rule 24.035 motion asking the court to set aside his convictions and sentences. Figgins' attorney filed an amended motion on June 26, 1992. On August 27, 1992, without an evidentiary hearing the court entered findings of fact, conclusions of law and an order overruling the motion.

■ Figgins complains that the court was wrong in denying him an evidentiary hearing to give him an opportunity to prove that his trial attorney had been ineffective by not investigating other possible causes for the crash other than Figgins' intoxication. We reject the claim.

■ To establish entitlement to an evidentiary hearing under Rule 24.035, Figgins' motion must set forth allegations which are not refuted by the record. *Ketcherside v. State*, 842 S.W.2d 182, 183 (Mo.App.1992). Figgins waived any such claim by entering a voluntary guilty plea and by maintaining to the court that he was satisfied with his attorney's representation of him. *Hagan v. State*, 836 S.W.2d 459 (Mo. banc 1992); *Simpson v. State*, 779 S.W.2d 766 (Mo.App.1989). Figgins conceded to the court that his intoxication was a definite factor in the crash. He said that he had discussed possible defenses with his attorney. He told the court about the car's

1. In exchange for his guilty plea, the state dropped three counts of second degree assault

and did not prosecute him as a persistent offender.

faulty shock absorbers, but he still opined that his intoxication was a factor in the crash.

"Where a defendant repeatedly assures the court at his guilty plea hearing that he is satisfied with his defense counsel's performance and believes counsel has done everything defendant requested, defendant cannot later claim the contrary." *Cramlett v. State*, 800 S.W.2d 813, 814 (Mo.App. 1990). *See also Brown v. State*, 821 S.W.2d 113 (Mo.App.1991).

Figgins' allegation of ineffective assistance of counsel is refuted by the record. He was not entitled to an evidentiary hearing.

■ Figgins next argues that his plea was not voluntary because there was no "factual basis" established for the plea. He alleges that neither the court nor the prosecuting attorney elicited statements from him that his intoxication, rather than the car's mechanical condition, caused the accident. The point is without merit.

Figgins told the court about the car's faulty shock absorbers. He acknowledged, however, that the car did not start "hopping" until he accelerated "real quick" and that his intoxicated state caused him to be *too* hurried. We find a sufficient factual basis for his pleading guilty to assault in the second degree by driving while under the influence of alcohol. The crime's elements are (1) an intoxicated driver, (2) who operates a motor vehicle with criminal negligence, (3) causing "physical injury" to someone other than himself. Section 565.-060.1(4), RSMo 1986. "Criminal negligence" is the failure "to be aware of a substantial and unjustifiable risk that circumstances exist or a result will follow and such failure constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." Section 562.016.5, RSMo 1986.

■ Figgins argues that the court improperly considered statements his attorney made at the sentencing hearing to establish a factual basis for the plea. Figgins' attorney accurately repeated at the sentencing hearing statements made by Figgins at the guilty plea. We reject the point.

■ Figgins argues finally that the sentencing court erred when it permitted the MADD representative to testify. He objected:

I would object to any testimony ... from an unrelated party who has no connection with this case other than some subsequent contact with one of the victims in the case.

I do not think it's appropriate for a lobby group to be testifying as to a potential sentence of Mr. Figgins in this case[.]

....

... I don't see how it's possibly relevant to a sentencing of Mr. Figgins in this specific case, for somebody with no personal knowledge of this case to come up and give recommendations to the Court. I don't think that's proper under the law and I object to it.

The court overruled the objection: "I'll exercise discretion in favor of allowing her to make a brief statement." The MADD representative said:

[One of the accident victims] contacted our office and asked for our assistance with help after the crash occurred. We've tried to help with the emotional trauma she's gone through, plus helping her through the hardship she's endured because of the crash. We felt that Mr. Figgins' prior acts and the current charges that are against him shows his complete, total disregard for public safety and that our—in our opinion, on our—what we'd like to ask for the Court to do is to consider asking for maximum sentence, as a firm statement to the community on this act.

■ Figgins asserts that §§ 557.041.2 and 595.209, RSMo 1986, permit only victims and witnesses and, under certain conditions, family members to testify at a sentencing hearing. We disagree. Those statutes guarantee the right of the named individuals to testify at a sentencing hearing. They do not preclude others from testifying when appropriate.

"[A] judge may appropriately conduct an inquiry, broad in scope, largely unlimited in nature either as to the kind of information he may consider, or the source from which it may come." *Jones v. State,* 658 S.W.2d 504, 506 (Mo.App.1983) (citation omitted). *See also Edwards v. State,* 794 S.W.2d 249 (Mo.App.1990).

█ Nevertheless, the judge said in his findings of fact that he did not consider the statements when handing down the sentence. Even if we agreed that the court had erred, and we do not, we fail to discern any prejudice to Figgins. The point is rejected.

For these reasons, we affirm the court's denial of Figgins' Rule 24.035 motion to set aside his guilty pleas.

All concur.