**Gavin L. NORTH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 48656.**

Missouri Court of Appeals,
Western District.

June 14, 1994.

Judith C. LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and FENNER and ELLIS, JJ.

FENNER, Judge.

Appellant, Gavin L. North, appeals the denial of his Rule 24.035 motion for postconviction relief without an evidentiary hearing.

On October 20, 1988, North was charged by information with the felony of possession of marijuana in violation of section 195.020,

RSMo.1986. North entered a plea of guilty on February 6, 1989.

Sentence and judgment were entered on March 6, 1989 by the Circuit Court of Johnson County, Missouri, Division II. North was found guilty and was sentenced to five years in the custody of the Missouri Department of Corrections. The court suspended execution of sentence and placed North on probation for a period of five years. The court further ordered that North must serve thirty days "shock" time in the Johnson County Jail.

The record reflects that North violated the conditions of probation, his probation was revoked after hearings that took place in April and May of 1993, the court ordered execution of the sentence imposed on March 6, 1989, and North was ordered to serve five years in the Missouri Department of Corrections.

On July 21, 1993, North filed a *pro se* Rule 24.035 motion to vacate, set aside or correct the judgment or sentence. An amended motion was filed by appointed counsel on October 4, 1993 alleging, in part, that North was denied his right to due process because of the State's breach of the plea agreement at North's sentencing hearing on March 6, 1989 and because of the court's failure to allow North to withdraw his guilty plea if the State's recommendation was not followed.

On October 8, 1993, North's Rule 24.035 motion for postconviction relief was denied without an evidentiary hearing. The court found as follows:

> The court having reviewed Movant's first amended motion to vacate, set aside or correct judgment and sentence does hereby deny said motion for the following reason: By the terms of the plea agreement, this court advised the defendant movant that the court would be free to sentence the defendant anywhere within the range of punishment if he received an unfavorable presentence report and that if the report were unfavorable "that you don't have any deal whatsoever with the prosecutor." The report was unfavorable. The defendant-movant was sentenced within the range of punishment. He was not preju-

diced in any fashion by the prosecutor's comments at sentencing. Motion denied.

This appeal followed.

In his sole point on appeal, North argues that the motion court erred in denying North's Rule 24.035 motion because North's guilty plea was rendered involuntary, and his due process rights were violated, in that "the prosecutor materially breached his promise in the guilty plea agreement to not make a sentencing recommendation if the pre-sentence investigation was unfavorable, and the trial court breached its promise and obligation to allow appellant the opportunity to withdraw his guilty plea if the court did not follow the prosecutor's recommendation."

■ Appellate review of a trial court's action on a postconviction relief motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Edmonds v. State*, 819 S.W.2d 90, 91 (Mo.App.1991); Rule 24.035(j). They will be considered clearly erroneous if, upon review of the entire record, the "appellate court is left with the 'definite and firm impression that a mistake has been made.'" *Foster v. State*, 748 S.W.2d 903, 905 (Mo.App. 1988) (quoting *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985)).

■ When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *State v. Schellert*, 569 S.W.2d 735, 738 (Mo. banc 1978) (citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1972)). "The emphasis in *Schellert* was that plea bargaining 'be conducted fairly on both sides and the results ... not disappoint the reasonable expectations of either.'" *Lawson v. State*, 757 S.W.2d 646, 647 (Mo.App.1988). If a prosecutor fails to fulfill a promise which induced a guilty plea, movant is entitled to relief. *Girardier v. State*, 835 S.W.2d 498, 499 (Mo.App. 1992); *Shepard v. State*, 549 S.W.2d 550, 554 (Mo.App.1977).

In *Shepard v. State*, 549 S.W.2d at 551, appellant argued that the prosecutor materially breached a plea bargain agreement that included the agreement that the State would

make no recommendation as to sentences at any stage of the proceedings. Appellant's argument was that such breach of the agreement rendered his guilty plea involuntary. *Id.* The *Shepard* court found that the State breached the plea bargain agreement by making a recommendation as to sentences at the sentencing proceedings. *Id.* at 553. The court stated:

> It is futile to speculate as to the effect that the recommendations of prosecutorial authorities may or may not have on a sentencing court in a given case. As a matter of common practice such recommendations are requested and to say that they are never considered or given any weight would be unrealistic. In any event, the appellant and his counsel placed importance upon the consideration that no recommendation would be made in this case when the plea bargain was accomplished.

*Id.* at 554. The court, thus, vacated the judgments and sentences "in the interest of justice and in recognition of the importance of plea bargaining agreements in the system of administration of the criminal law and the necessity that such agreements be kept inviolate by the prosecutorial authorities," and remanded to the trial court with directions. *Id.* at 554.[1]

■ Rule 24.035(i) provides, in pertinent part, that "[i]f the court finds ... that there was a denial or infringement of the rights given movant by the constitution of Missouri or the constitution of the United States as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the movant or resentence him or order a new trial or correct the judgment and sentence as appropriate." *Proctor v. State,* 809 S.W.2d 32, 34 (Mo.App.1991). The appropriate remedy is within the discretion of the trial court. *Id.* As stated by the United States Supreme Court, "the ultimate relief to which petitioner

is entitled we leave to the discretion of the state court which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty." *Id.* at 35 (quoting *Santobello v. New York,* 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971)).

■ We find that, in the case at bar, the State breached its plea agreement with North by making a recommendation as to sentence at the sentencing hearing. The transcript of the guilty plea hearing shows that the State had agreed to make no recommendation as to sentencing if the pre-sentence investigation report was unfavorable.

The transcript of the guilty plea hearing on February 6, 1989 reflects that the plea agreement was as follows:

> THE COURT: Has there been any discussion between the Prosecutor's Office and defense counsel concerning a recommendation that would be made in this case in the event his guilty plea were entered and accepted by the Court?
>
> MR. BAKER [prosecutor]: Yes, your Honor, there has.
>
> THE COURT: What is that?
>
> MR. BAKER: Your Honor, the State's agreed to recommend a sentence of—of two years in the Missouri Department of Corrections, and on a favorable pre-sentence investigation recommend that the execution of that sentence be suspended and he be placed on probation.
>
> THE COURT: *What if the pre-sentence investigation is not favorable?*
>
> MR. EDMISTON [defense attorney]: *No recommendation.*

---

1. The Eighth Circuit Court of Appeals has also addressed the issue before us. For example, in *Brunelle v. United States,* 864 S.W.2d 64, 65 (8th Cir.1988), the court found that "[w]henever the government breaches a plea agreement with respect to a sentence recommendation, ... a substantive violation has occurred and at the least, resentencing before a different judge is required." In *United States v. McCray,* 849 F.2d 304, 305 (8th Cir.1988), the court stated, "When the government breaches its promise to remain silent at sentencing, resentencing is required.... The fact that the district court stated that the government's remark did not influence its decision does not ameliorate the government's breach."

MR. BAKER: *There's no recommendation at all, your Honor.* In addition to this agreement your Honor, there was a discussion about the misdemeanor for which he is on probation.[2] He will admit to that and serve a few days in the county jail as part of the agreement.

MR. EDMISTON: That's correct.

THE COURT: Is that your understanding of what the agreement was, Mr. Edmiston?

MR. EDMISTON: Yes.

Q: [by the Court]: Is this your understanding of what the agreement was, Mr. North?

A: [North]: Yes, sir.

Q: Do you understand if the report comes back from Probation and Parole and recommends incarceration, that you don't have any deal whatsoever from the State?

A: Yes.

Q: And all that would be left for the Court, at that time, would be to sentence you somewhere within the range of punishment of up to five years; do you understand that?

A: Yes.

Q: Do you understand even if the report recommends probation and the Prosecutor recommends probation, I don't have to follow it?

A: Yes, your Honor.

Q: And if I thought the interests of justice would better be served, I could, despite the recommendation of the Prosecutor, sentence you to up to five years?

A: Yes, sir, your Honor.

Q: *Do you also understand that if I did not accept the recommendation from the Prosecutor, I would, at that time, give you a chance to withdraw your guilty plea?*

A: *Yes, your Honor* (emphasis added).

At the sentencing hearing on March 6, 1989, the following colloquy occurred:

THE COURT: What's the recommendation of the State?

MR. BAKER: Your Honor, the recommendation of the State was for a term of two years in the Missouri Department of Corrections, and suspended execution of sentence upon a favorable PSI. *The PSI isn't favorable at this time. I've reviewed it and I don't believe that—I don't believe that I'm bound by the original agreement and that I can make any recommendation at this time, that I feel appropriate. I certainly feel that two years is inappropriate in this case and I think it should be a term of four years. But I'm still going to recommend probation, SES.* One of the conditions of probation would be that he serve 30 days shock time in the county jail, because I just really believe that's necessary. I don't believe that the Court's bound by my recommendation, however, I feel I should make that statement to the Court.

\* \* \* \* \* \*

THE COURT: *I'll follow the recommendation of the State at this time and sentence the defendant to—I'm not going to follow the recommendation in full.* I'll sentence the defendant to a term of five years in the Missouri Department of Corrections. The Court will suspend the execution of that sentence and place the defendant on supervised probation for a period of five years under the usual conditions of probation, which will include the three conditions set forth on Page 5 of the presentence report, and the additional condition that the defendant serve 30 days shock time in the Johnson County Jail (emphasis added).

In accordance with the case authority above cited and based on the record before us, we find that the State materially breached its promise to make no recommendation if the pre-sentence investigation was unfavorable. The judgment and sentence herein are vacated and the cause is remanded to the trial court to provide the opportunity for appellant to withdraw his guilty plea.

All concur.

---

2. In a case separate from the one at bar, North pled guilty on March 3, 1988 to the charge of possession of marijuana and was sentenced to 30 days in the county jail, suspended execution of sentence, and one year unsupervised probation and costs.