James R. SHARP, Appellant,

v.

STATE of Missouri, Respondent.

STATE of Missouri, Respondent,

v.

James R. SHARP, Appellant.

Nos. 66572, 66686.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 22, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 12, 1995.

Application to Transfer Denied
Nov. 21, 1995.

Leo Norbert Griffard, Jr., Boise, Idaho, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

CRAHAN, Judge.

Defendant, James R. Sharp, entered a plea of guilty to one count of involuntary manslaughter, § 565.024 RSMo.1994, and three counts of assault in the second degree, § 565.060 RSMo.1994. Defendant was sentenced to seven years imprisonment on the manslaughter count and to three years imprisonment on each of the assault counts. The sentences were ordered to run consecutively. Defendant filed a Rule 29.07(d) motion to withdraw his guilty plea and remand the cause for preliminary hearing. The trial court denied the motion. Defendant also filed a Rule 24.035 motion for postconviction relief which was denied following an evidentiary hearing. Defendant appeals both the denial of his motion to withdraw his plea and the denial of his Rule 24.035 motion. We affirm.

Defendant was charged by information with involuntary manslaughter and three counts of second-degree assault. Defendant waived his right to a preliminary hearing and entered a plea of guilty to all four counts in exchange for the state's promise to make an open recommendation regarding all four counts. Specifically, by agreeing to an open recommendation on all four counts, the state agreed to not make any sentencing recommendation to the court and to remain silent regarding the issue of punishment, permitting the court to sentence Defendant anywhere within the full range of punishment.

At the plea hearing, Defendant admitted that on December 4, 1992, he was driving his truck on Highway F in Jefferson County. Judy Darling was traveling in the opposite direction on Highway F with her three daughters, Angela, Kathy and Amanda. Near a hill and curve in the road, Defendant crossed the center line and struck Judy Darling's vehicle, killing Angela and injuring Judy, Kathy and Amanda. A blood sample indicated that Defendant was intoxicated.

During the sentencing hearing the state called Judy Darling to present a victim impact statement. The state asked Ms. Darling, "Ma'am, in your own words tell the Court just exactly how this [Defendant's crimes] has affected you, what you expect of his Honor, basically give the impact statement, if you will, please." In response, Ms. Darling delivered an emotional statement concerning her daughters' injuries and the death of Angie. Ms. Darling concluded her remarks by asking the court "for Angie's sake, that Mr. Sharp be prosecuted to the fullest extent that the law will allow." Defendant made no objection to Ms. Darling's testimony.

After sentencing, Defendant filed a Rule 29.07(d) motion to withdraw his guilty plea and remand the cause for a preliminary hearing alleging Ms. Darling's statement, and specifically her request for the maximum sentence, breached the plea agreement. The trial court denied the motion.

Defendant timely filed a *pro se* Rule 24.035 motion and amended motion for postconviction relief, alleging that his guilty plea was involuntary because the state had breached the plea agreement by either colluding with Ms. Darling to circumvent the plea agreement by recommending a maximum sentence or failing to advise her that she was not permitted to make a sentencing recommendation. Defendant also alleged his attorney was ineffective for failure to object to Ms. Darling's testimony. Following an evidentiary hearing, the motion court denied Defendant's motion.

In his first point, Defendant contends the trial court erred in overruling his motion to withdraw his guilty plea. In that motion Defendant claimed that the state breached the agreement by calling Ms. Darling as a witness to give a victim impact statement which included a request for a maximum sentence despite the state's agreement to remain silent on the subject of sentencing.

Whether to permit a defendant to withdraw a plea of guilty is within the sound discretion of the trial court. *State v. Man-*

*del*, 837 S.W.2d 571, 573 (Mo.App.1992). In reviewing the denial of a motion to withdraw a guilty plea, we must determine whether the trial court abused its discretion or was clearly erroneous. *Id.*; *Scroggins v. State*, 859 S.W.2d 704, 706 (Mo.App.1993). The defendant must prove by a preponderance of the evidence that the trial court erred. *Mandel*, 837 S.W.2d at 573.

■ A defendant does not have an absolute right to withdraw a plea of guilty. *Scroggins*, 859 S.W.2d at 706. Rule 29.07(d) does permit an accused to withdraw a plea of guilty after sentencing but only in extraordinary circumstances to correct manifest injustice. *State v. Nielsen*, 547 S.W.2d 153, 158 (Mo.App.1977); *State v. Lawrence*, 614 S.W.2d 1, 2 (Mo.App.1980). If an accused has been misled or induced to plead guilty because of fraud, mistake, misapprehension, fear, persuasion or holding out of hopes which prove to be false or ill-founded, he should be permitted to withdraw his plea. *Scroggins*, 859 S.W.2d at 707.

■ Where a plea bargain is based to a significant degree on a promise by the prosecutor, to the extent that it is part of the inducement or consideration for entering the plea, the promise must be fulfilled. *North v. State*, 878 S.W.2d 66, 67 (Mo.App.1994); *Murphy v. State*, 866 S.W.2d 895, 896 (Mo. App.1993). If a prosecutor fails to fulfill a promise which induced a guilty plea, the defendant is entitled to relief. *North*, 878 S.W.2d at 67. We have held that a breach of

plea agreement occurs where a prosecutor promises to make no recommendation regarding sentencing in exchange for a guilty plea but later makes a recommendation. *Id.* at 67–68.

■ In this case, we find no allegation or evidence that the state made any agreement that would in any way foreclose testimony by the victim or a request by the victim for a specific sentence. The sum and substance of the state's agreement was that *the state* would remain silent on the issue of sentencing. There was no agreement that the victim would remain silent on the issue of sentencing. Nor, contrary to Defendant's contentions, does the fact that the state called the victim to the stand and asked the open-ended question that preceded the victim's recommendation thereby transform her into a witness for the state. Ms. Darling appeared in her own behalf, not on behalf of the state. Although called to the stand and invited to give her statement by the prosecutor, nothing in her testimony purported to present the views of the prosecutor, the state, or anyone other than herself or her family.

Defendant complains nevertheless that neither Article I, § 32 of the Missouri Constitution nor § 557.041 RSMo 1994 pertaining to crime victim's rights grant a crime victim the right to ask for a specific sentence. Rather, Defendant urges that the statute limits any statement by the victim to the facts of the case and a description of any personal injuries or financial losses incurred.[1] Again rea-

---

1. Section 557.041 RSMo 1994 provides:

1. Prior to the acceptance of a plea bargain by the court with respect to any person who has pled guilty to an offense after initially being charged with a felony, the court shall allow the victim of such offense to submit a written statement or appear before the court personally or by counsel for the purpose of making a statement. The statement shall relate solely to the facts of the case and any personal injuries or financial loss incurred by the victim. A member of the immediate family of the victim may appear personally or by counsel to make a statement if the victim has died or is otherwise unable to appear as a result of the offense committed by the defendant.

2. At the time of sentencing of any person who has pled guilty or been found guilty of a felony offense, the victim of such offense may

appear before the court personally or by counsel for the purpose of making a statement or may submit a written statement. The statement shall relate solely to the facts of the case and any personal injuries or financial loss incurred by the victim. A member of the immediate family of the victim may appear personally or by counsel to make a statement if the victim has died or is otherwise unable to appear as a result of the offense committed by the defendant.

3. The prosecuting attorney shall inform the victim or shall inform a member of the immediate family of the victim if the victim is dead or otherwise is unable to make a statement as a result of the offense committed by the defendant of the right to make a statement pursuant to subsections 1 and 2 of this section. If the victim or member of the immediate family supplies a stamped, self-addressed envelope, the prosecutor shall send notice of the time

soning that Ms. Darling was the state's witness, Defendant urges that the state breached the agreement by failing to advise Ms. Darling of these limitations on her testimony. There are a number of flaws in this reasoning.

■ As discussed above, Ms. Darling was not a witness for the state and nothing in the plea agreement purported to restrict in any way the contents of any victim's impact testimony. More fundamentally, however, we find nothing in the statute which purports in any way to limit the scope of the victim's testimony. As recognized in *Figgins v. State*, 858 S.W.2d 853 (Mo.App.1993), § 557.041 merely guarantees the right of certain named individuals, particularly the victim, to testify at a plea bargain or sentencing hearing. It does not preclude others from testifying when appropriate. 858 S.W.2d at 555. Nothing in the statutes purports to restrict or modify the common law rule that "[a] judge may appropriately conduct an inquiry, broad in scope, largely unlimited in nature either as to the kind of information he may consider, or the source from which it may come." *Figgins*, 858 S.W.2d at 856; *Jones v. State*, 658 S.W.2d 504, 506 (Mo.App. 1983); *Edwards v. State*, 794 S.W.2d 249, 251 (Mo.App.1990). In *Figgins*, the court held it was not error to permit a representative of Mothers Against Drunk Driving to testify at the sentencing hearing even though the testimony included a specific recommendation that the defendant receive the maximum sentence. 858 S.W.2d at 855–56. Likewise we hold that nothing in the statute precludes a crime victim from making a specific sentencing recommendation if permitted by the court. Although the victim may only have an absolute right to submit a written statement or testimony about the facts of the case and its impact on the victim, the trial court retains its broad discretion to receive any information from any source it deems relevant to the sentencing process, including recommendations as to the appropriate sentence to be imposed.

Inasmuch as Defendant failed to plead facts which would constitute a breach of the plea agreement by the state, the trial court

and location that the court will hear the guilty

did not abuse its discretion in denying Defendant's motion to withdraw the plea.

In his second point, Defendant contends the motion court clearly erred in denying his Rule 24.035 motion for postconviction relief because he alleged facts not clearly refuted by the record which entitled him to relief. Specifically, Defendant contends that the evidence presented to the motion court supported his allegation that the state breached the plea bargain agreement, and that the court reached incorrect conclusions concerning the voluntariness of his plea and the scope of the victim's rights laws.

■ Our review is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(j); *Snyder v. State*, 854 S.W.2d 47, 48 (Mo.App.1993). The motion court's determinations are clearly erroneous only if, after a review of the entire record, we are left with a definite and firm impression that a mistake has been made. *State v. Parker*, 890 S.W.2d 312, 321 (Mo.App.1994).

■ Defendant essentially reasserts in this point the arguments raised in his first point. Our conclusions regarding these arguments in Defendant's first point *supra* are equally applicable here. Further, Defendant's contention that the state colluded with Ms. Darling to breach the plea bargain agreement and comment on Defendant's sentence is refuted by the evidence adduced at the motion hearing. The prosecutor testified that prior to Defendant's guilty plea hearing he spoke with Ms. Darling. He told Ms. Darling that under § 595.209(3) RSMo.1986, she had a right to make a victim impact statement in which she could discuss how Defendant's crime affected her and her family and any need for restitution. He maintained he never advised her to request that Defendant receive a specific sentence. Further, he stated that in asking Ms. Darling to tell the court what she "expected of his Honor" he was referring to restitution and was not trying to elicit a request for a specific sentence. Ms. Darling testified that in her discussions with the prosecutor prior to the

plea or render sentence.

plea hearing she never asked him if she was entitled to request a specific sentence nor did he recommend that she do so.

Based on the foregoing testimony, the motion court found that the state did not elicit Ms. Darling's comment concerning Defendant's sentence nor did it in any way attempt to circumvent its agreement to remain silent on the topic of Defendant's punishment. We must defer to the findings of the motion court on matters of witness credibility. *Betts v. State,* 876 S.W.2d 802, 805 (Mo.App.1994); *Hammon v. State,* 841 S.W.2d 276, 277 (Mo.App.1992). Point denied.

In his final point, Defendant claims the motion court clearly erred in denying his request for postconviction relief due to ineffective assistance of counsel. Defendant contends his counsel was ineffective due to his failure to object to: (1) the state calling Ms. Darling as a witness after she had already submitted a written victim impact statement; and (2) Ms. Darling's request that Defendant receive the maximum sentence.

*Edwards v. State,* 794 S.W.2d 249, 250–51 (Mo.App.1990), succinctly sets forth the quantum of proof a movant must meet to prevail when attacking the competency of counsel following an entry of a guilty plea:

[A] movant must show that counsel's errors were so serious that his representation fell below an objective standard of reasonableness and that these errors affected the outcome of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Additionally, to meet the prejudice requirement, movant must show there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Scharnhorst v. State,* 775 S.W.2d 241, 247 (Mo.App.1989).

Defendant cannot prevail for either of the reasons he alleges. First, § 557.041.1 permits a crime victim to "submit a written statement or appear before the court personally or by counsel for the purpose of making a statement." However, as discussed above, although the statute may only confer an absolute right to submit a written statement or to appear in person, nothing in the statute purports to restrict the trial court's broad discretion to permit both a statement and testimony.

Second, Defendant has failed to establish that his counsel's failure to object to the statement affected the outcome of the plea process. In its findings of fact and conclusions of law, the trial court noted that it had reviewed, considered and relied on a broad array of information and factors in determining Defendant's sentence. Specifically, the trial court observed that it had reviewed letters from Defendant's friends and family, the presentence investigation, the statements of the victims, the harm and loss incurred by the Darlings, Defendant's attempts at rehabilitation and Defendant's lack of a prior criminal record in determining Defendant's sentence. Moreover, the sentence imposed fell far short of the maximum permissible sentence Ms. Darling requested. Under such circumstances, we find no indication that counsel's failure to object to Darling's request affected the outcome of the plea process. Point denied.

Judgment affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.