**Terrell MARION, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 74966.**

Missouri Court of Appeals, Eastern District, Division Five.

July 6, 1999.

Barbara Anne Washington, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

Before ROBERT G. DOWD, Jr., C.J., and KENT E. KAROHL, J., and CHARLES B. BLACKMAR, Senior Judge.

**ORDER**

PER CURIAM.

Terrell Marion (Movant) appeals from denial of two motions by the motion court. Movant sought to vacate convictions of, or withdraw guilty pleas to, two counts of first-degree drug trafficking, Section 195.222.3, RSMo 1994, and one count of sale of a controlled substance, Section 195.211, RSMo 1994. Movant contends the motion court abused its discretion in denying his Rule 29.07(d) motion to withdraw his guilty plea. Movant further maintains the motion court erred in deny-ing his request for an evidentiary hearing relative to this plea by incorrectly imposing the same time limitation in connection with a Rule 29.07(d) motion as those applicable to Rule 24.035 motions.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. We recognize (and the State concedes) it would be erroneous for the motion court to base its denial of Movant's Rule 29.07(d) motion for an evidentiary hearing solely upon "untimely filing" of the request because no mandatory time requirement exists.

In post-conviction proceedings, a movant is entitled to an evidentiary hearing when: (1) the movant alleges facts warranting relief; (2) those facts are not refuted by the record; and (3) the movant is prejudiced by the error. *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993). Here, the Movant testified, under oath, that he had committed the crimes. The record clearly refutes Movant's subsequent claim of innocence. The motion court did not abuse its discretion in concluding Movant was not entitled to an evidentiary Rule 24.035 hearing.

Further, the motion court did not abuse its discretion in denying Movant's 29.07(d) request for permission to withdraw his guilty pleas after sentencing because Movant failed to show extraordinary circumstances which resulted in a manifest injustice. *Sharp v. State*, 908 S.W.2d 752, 755 (Mo.App. E.D.1995). An opinion reciting detailed facts and restating additional principles of law would have no precedential value. The denial of Movant's 24.035 motion and 29.07(b) motion are affirmed in accordance with Rule 84.16(b).