Garry L. ECKHOFF, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 86571.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 12, 2006.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

Jo Ann Rotermund, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Victor J. Melenbrink, Asst. Attorney General, Jefferson City, MO, for respondent.

Before GEORGE W. DRAPER III, P.J. and GARY M. GAERTNER, SR. and ROBERT G. DOWD, JR., JJ.

PER CURIAM.

Garry L. Eckhoff ("Movant") appeals from the denial of his Rule 24.035 motion for post-conviction relief following an evidentiary hearing. Movant sought to vacate his convictions for two counts of statutory sodomy in the first degree, Section 566.062, RSMo 2000, following the entry of his guilty pleas, for which Movant was sentenced to two concurrent terms of fourteen years' imprisonment. Movant contends, *inter alia*, the motion court erred in denying his Rule 24.035 motion because the State breached the plea agreement rendering his plea unknowing, involuntary, and unintelligent. Because we find the motion court's findings of fact and conclusions of law to be clearly erroneous on this issue and Movant is entitled to relief, we vacate the judgment and sentences and remand for further proceedings.

Movant pleaded guilty to two counts of first-degree statutory sodomy pursuant to a plea agreement. At the plea hearing, the following exchange took place:

THE COURT: [Prosecutor] and [Defense Counsel], what plea bargain agreement do you have in this case?

[PROSECUTOR]: Your Honor, in return for his plea of guilty to Counts I and IV, the State has agreed to dismiss Counts II and III.

Further, the State has agreed—

THE COURT: Actually, Counts II, III, V and VI, isn't it?

[PROSECUTOR]: Yes. There are six counts. I thought V and VI had already been dismissed.

[DEFENSE COUNSEL]: They never were, [Prosecutor]. [Assistant Prosecuting Attorney] may have mentioned that he was going to.

[PROSECUTOR]: And V and VI, Your Honor. In addition to that the State has agreed to argue for seven years on each of the two counts, I and IV.

The State is also free to argue to run those consecutively, for a total of fourteen years, regardless of whether or not it is favorable or unfavorable PSI.

THE COURT: The State's agreeing to a cap of seven years on each count. State is free to argue for them to run consecutive regardless of the pre-sentence?

[PROSECUTOR]: That's correct, Your Honor.

THE COURT: Is that a correct statement of your plea bargain agreement, [Defense Counsel]?

[DEFENSE COUNSEL]: Yes, it was, Your Honor.

Q. (By the Court): Do you understand that plea bargain, [Movant]?

A. Yes.

Q. Do you have any questions about it whatsoever?

A. No.

Q. Are there any other promises or any other agreements that you say have been made other than what we've just talked about here now on the record?

A. No.

Q. Do you understand that by my accepting your plea of guilty, I am agreeing to be bound by the terms of your plea bargain agreement, which means, there will be a pre-sentence investigation report done in your case. When you return before me for sentencing, if I do impose sentences upon you at that time, the most that you could receive on each count now would be a sentence of seven years to the Department of Corrections.

You could receive a sentence of seven years on each count. Those could run concurrently with each other. They could run consecutively to each other, for a total of fourteen.

So you could receive up to fourteen years. You could receive a sentence of fourteen years, something less than that. You couldn't receive more at that time. Do you understand?

A. Yes.

The prosecutor informed Movant and the trial court that the range of punishment was five years to life on first degree statutory sodomy. The trial court accepted Movant's pleas on the two first-degree statutory counts and found Movant's pleas to be knowingly, voluntarily, and intelligently given.

During sentencing, a different prosecutor from the guilty plea hearing pointed out that the statutory minimum sentence for Movant's first-degree statutory sodomy counts was ten years' imprisonment because the victim was less then twelve years of age. Section 566.062.2, RSMo 2000.[1]

This prosecutor stated that the State was asking the trial court to sentence Movant to fourteen years for each count, but would ask that the sentences be run concurrently. Movant's plea counsel requested that Movant be sentenced to seven years for each count to run concurrently. The trial court sentenced Movant to two concurrent terms of fourteen years' imprisonment. The trial court did not ask Movant if he wanted to withdraw his guilty plea before sentencing him.

Thereafter, Movant filed his *pro se* Rule 24.035 motion for post-conviction relief, and post-conviction counsel filed his amended motion. In his motion, Movant alleged, *inter alia,* that the State breached the plea agreement and that he did not get the benefit of his plea bargain with the State. An evidentiary hearing was held, during which Movant and his plea counsel testified. Following the evidentiary hearing, the motion court entered its findings of fact and conclusions of law denying Movant's Rule 24.035 motion. This appeal follows.

Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). Findings and conclusions are clearly erroneous only if a full review of the record leaves the court with a definite and firm impression that a mistake has been made. *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997).

■ We address Movant's second point first. In his second point, Movant alleges

---

1. Section 566.062.2 provides:
   Statutory sodomy in the first degree is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner, subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, or the victim is less than twelve years of age, in which case the authorized term of imprisonment is life imprisonment or a term of years not less than ten years.

the motion court erred in denying his Rule 24.035 motion claim that his plea was rendered unknowing, involuntary, and unintelligent by the State's breach of the plea agreement. Movant maintains that in entering his guilty pleas, Movant relied on the prosecutor's statement at the plea hearing and the plea agreement that the State would seek only seven years' imprisonment on each count. We agree.

In its findings of fact and conclusions of law, the motion court noted that the State deviated from the plea offer. The motion court, however, found that Movant was not prejudiced because he was made aware at the plea hearing that the State could argue for a total sentence of fourteen years' imprisonment. The motion court, noting its "displeasure at the deviance between the plea agreement and the sentencing argument," found that regardless of how the math was performed Movant got the benefit of his plea bargain.

■ When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *North v. State,* 878 S.W.2d 66, 67 (Mo.App. W.D.1994)(finding the State breached its plea agreement by making a recommendation at the sentencing hearing where it had agreed to make no recommendation as to sentencing.) If a prosecutor fails to fulfill a promise which induced a guilty plea, the movant is entitled to relief. *Id.*

We find that the State breached its plea agreement with Movant by recommending fourteen years' imprisonment as to each count, to run concurrently, at the sentencing hearing when the transcript of the guilty plea hearing shows that the State had agreed to seek seven years' imprisonment on each count and could argue for the sentences to run concurrently or consecutively.

Although the cap at the plea hearing was for fourteen years' imprisonment and Movant received a total sentence of fourteen years' imprisonment, the State nonetheless breached the plea agreement and Movant was prejudiced by not getting the benefit of the plea bargain. At the motion hearing, Movant testified that he thought his guilty plea was for seven year sentences for each count with the option for the State to argue for them to run concurrently or consecutively for a maximum sentence of fourteen years' imprisonment. Movant was induced by the State's statements during the plea bargain and relied on the plea agreement in entering his pleas of guilty. At the time of his plea, Movant believed that he could possibly receive a total of seven years if the sentences were run concurrently. At sentencing he learned that was impossible and the trial court was deprived of its ability to sentence Movant to seven years in accordance with the plea agreement. Therefore, Movant did not receive the benefit if his bargain. Thus, Movant has shown that his pleas were unknowing, unintelligent, and involuntary because Movant would not have pleaded guilty but for the plea agreement by the State.

Furthermore, Movant was not ever provided an opportunity to withdraw his guilty plea. As a consequence of the State's breach of the plea agreement rendering Movant's guilty plea unknowing, unintelligent, and involuntary, the trial court was required to provide Movant the opportunity to withdraw his or her plea of guilty if there is a deviation from the plea agreement. Rule 24.02(d)4. Rule 24.02(d)4 provides:

> If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the

court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw defendant's plea if it is based on an agreement pursuant to Rule 24.02(d)1(A), (C), or (D), and advise the defendant that if defendant persists in the guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

After the deviation from the plea agreement, Movant was not provided an opportunity to withdraw his guilty plea. Movant is entitled to relief. *See Simpson v. State,* 990 S.W.2d 693, 696–97 (Mo.App. E.D.1999)(holding where a binding plea agreement is rejected, it is error to fail to offer the movant the opportunity to withdraw his or her guilty plea). The motion court's findings of fact and conclusions of law on this claim are clearly erroneous. Point granted.[2]

The judgment and sentences herein are vacated and the cause is remanded to the trial court to provide the opportunity for Movant to withdraw his guilty plea.

---

**2.** Because this issue is dispositive of this appeal, it is not necessary to address Movant's   remaining points.